EDWARD L. NORFOLK & others *vs.* AMERICAN STEAM GAS COMPANY & others.

The recovery of judgment in *scire facias*, against a corporation charged in the original suit as trustee on a debt owing by it and for which its officers are personally liable by reason of their failure to make the certificates required by law, is a sufficient recovery of judgment against it, within the St. of 1862, *c.* 218, § 3, to render the officers liable on a bill in equity filed under § 4 by the original creditor and the plaintiffs in the *scire facias*, to enforce such personal liability, after demand made on execution as provided in § 3, neglect of the corporation for thirty days to comply therewith, and the return of the execution unsatisfied.

BILL IN EQUITY, filed November 5, 1866, to charge individual defendants as officers in a manufacturing corporation, with personal liability, under the St. of 1862, *c.* 218, for a debt of the corporation; heard, on the pleadings and plaintiffs' evidence only, by the chief justice, who, without requiring the defendants to introduce any evidence to sustain their defence, reserved for the determination of the full court the case which is stated in the opinion:

*C. Sewall,* for the plaintiffs.

*S. B. Ives, Jr.,* for the defendants.

MORTON, J. This suit is brought to enforce an alleged liability against the officers of the American Steam Gas Company, a manufacturing corporation organized in January 1860. At the hearing there was evidence tending to show that the defendants neglected to file the annual certificate required by law until May 25, 1861; and that the corporation owed the plaintiff Norfolk a debt, a portion of which was contracted between May 11 and May 25, 1861. For the portion of the debt contracted prior to May 25 the officers are individually liable. The question in the case is, whether the plaintiffs have complied with the requirements of law to entitle them to the remedy they have adopted to enforce this liability.

The liability of the defendants accrued in May 1861, and the St. of 1862, *c.* 218, applies to the case so far as it makes provision for the proper remedy to be pursued, and therefore determines the mode in which this liability is to be enforced. *Peele*

*v. Phillips*, 8 Allen, 86. By the third section of this statute, it is provided that no officer shall be held liable for any debts or contracts of the corporation, "unless a judgment is recovered against it, and the corporation shall neglect, for the space of thirty days, after demand made on execution, to pay the amount due, with the officer's fees, or exhibit to him real or personal estate of the corporation, subject to be taken on execution, sufficient to satisfy the same, and the execution shall be returned unsatisfied." The fourth section, so far as applicable to this case, provides that, after the execution shall be so returned, the judgment creditor, or any other creditor, may file a bill in equity, in behalf of himself and all other creditors of the corporation, against it and all the officers liable for its debts and contracts, for the recovery of the sums due from said corporation to himself and such other creditors, for which the officers may be personally liable by reason of any act or omission on its part, or that of its officers, setting forth the judgment and proceedings thereon and the grounds upon which it is expected to charge the officers personally. Under these provisions, the plaintiffs must show, as a condition precedent to their right to maintain this suit, that a judgment has been recovered against the corporation, and that the corporation neglected, for thirty days after demand on the execution, to pay the sum or to exhibit property sufficient to satisfy it. Have the plaintiffs complied with these requirements?

The facts bearing upon this question are as follows: In February and May 1862, two creditors of Norfolk, who are joined as coplaintiffs in this bill, commenced suits against him and summoned the corporation as his trustee. These suits proceeded to judgment, and the trustee was charged in each. The trustee refusing to pay the execution on demand, writs of *scire facias* were sued out by the creditors, upon which judgments against the trustee were rendered and executions issued July 5, 1864. While these suits were pending, namely, on August 16, 1862, Norfolk commenced a suit against the corporation. The suit of Norfolk was referred by rule of court, and the referees made an award that Norfolk should recover of the corporation

the sum of $350.39, with interest from the date of his writ. The corporation by its counsel made the following indorsement on the award: " Defendants have no objection to this award except that they have been summoned as trustees of the plaintiff, and will make no other objection." Upon this state of the facts, the superior court at the September term 1864, by consent of parties, entered judgment in the suit of Norfolk against the corporation, that the plaintiff recover against the defendants costs of suit taxed at $76.70, upon which judgment execution was issued. Demand was duly made upon the corporation on the execution in favor of Norfolk, and on the two executions in favor of the creditors in the *scire facias* suits, and the corporation neglected to pay them or either of them, or to exhibit property to satisfy them, for more than thirty days after demand, and the executions were returned unsatisfied.

These facts present a question which is novel and not free from difficulty. It is urged by the defendants, that the plaintiff Norfolk is seeking to enforce a mere statute liability ; that he must show a strict and literal compliance with the requirements of the statute ; and that, having shown no judgment in his name against the corporation for the debt he now seeks to enforce, he cannot maintain this suit.

The provisions of the statute under consideration are not to be construed with that technical strictness which prevails in the exposition of penal statutes, but should receive such reasonable construction as will best carry out the intentions of the legislature and the spirit of the enactments. It is true that Norfolk has not recovered in his own name a judgment against the corporation, and it is also true that a judgment has been recovered against it upon the debt due to Norfolk. The judgments in the *scire facias* suits are judgments against the corporation for the amount of the debt therein adjudicated to be due by it to Norfolk. They are judgments in the name of the creditors, upon the same debt, substituted by law in the place of a judgment in the name of Norfolk. A majority of the court are of opinion that the recovery of such judgments is a sufficient compliance with the provisions of the statute to enable the plaintiffs to maintain this suit.

All the objects of the third section are fully attained under the construction we have adopted. In the *scire facias* suits the question of the liability of the corporation to Norfolk was tried and judicially determined, under conditions certainly as favorable to the defendants as if it had been tried in a suit brought directly in the name of Norfolk. The defendants have had the benefit of a reasonable time given to the corporation to pay this liability. Any further proceedings by Norfolk against the corporation, if practicable under the rules of law, would be futile. His debt has passed into a judgment, which the corporation is unable to satisfy. Unless he can avail himself of this judgment as a foundation of a right to enforce the liability against these defendants, he is deprived of a valuable right without any default of his own. The language of the statute does not necessitate a construction which leads to such unjust results.

The question of the power of the superior court to make any amendment of its record, which would aid the plaintiffs, need not be considered, as in the view we have taken no amendment is necessary to enable them to maintain this suit.

Upon the whole matter, therefore, the plaintiffs are entitled to a decree against the defendants for such part of the debt due to Norfolk as was contracted prior to May 25, 1861. We cannot determine the amount, because under the ruling at the hearing this question was not considered. For the purpose of ascertaining the amount, if any, for which the defendants are liable under the principles above stated, and of settling such further questions as may arise, the case must be

*Remitted for a further hearing.*