EDWARD L. NORFOLK & others *vs.* AMERICAN STEAM GAS COMPANY & others.

In a suit in equity under the St. of 1862, *c.* 218, to charge officers of a manufacturing corporation with personal liability for a debt for which judgment has been rendered against the corporation, parol evidence is admissible, in connection with the record of the judgment, to identify the debt and limit it to the time of the officers' default.

A. sued B. in a trustee process, and summoned a manfacturing corporation as his trustee. Pending this suit, B. sued the corporation on the debt owing to him; the action was referred to arbitrators; and an award was returned for B., to which the corporation made no objection save its liability in the trustee process. A. recovered judgment against B. and the trustee; and afterwards against the trustee, in *scire facias*. In B.'s action, by agreement of the parties, he took judgment for costs only. Upon failure of the corporation to satisfy these judgments, after due proceedings under the St. of 1862, *c.* 218, A. and B. joined in a bill in equity to charge its officers with personal liability thereon. *Held,* that they were entitled to recover the amount of the judgments, excluding costs in the *scire facias;* and also to recover costs in the suit in equity.

BILL IN EQUITY filed November 5, 1866, under the St. of 1862, *c.* 218, by Edward L. Norfolk, William F. Small, John R. Smith and Sterry Smith, to charge individual defendants as officers of the defendant corporation, which was a manufacturing corporation organized in 1860, with personal liability for a debt of the corporation to Norfolk, by reason of their neglect to file the annual certificate, required by law, until May 25, 1861.

At the first hearing of this suit, before the chief justice, it appeared that the corporation owed Norfolk a debt part of which was contracted between May 11, 1871, and May 25, 1871; that in the spring of 1862 the two Smiths in one action, and Small in another, sued Norfolk in the superior court, and summoned the corporation as his trustee; that in each action judgment was rendered against Norfolk, and the trustee charged, and execution issued; that the trustee refused to pay the executions on demand; and that writs of *scire facias* were sued out by the creditors, upon which judgments against the trustee were rendered, in favor of the Smiths for $298.40 damages and $20.08 costs, and in favor of Small for $90.39 damages and $20.08 costs, and executions were issued accordingly August 31, 1865.

It further appeared that on August 16, 1862, pending these actions, Norfolk sued the corporation in the superior court, to re-

cover his debt, on an account for services and commissions, beginning May 1, 1861, and running into the year 1862; that his action was referred by rule of court to two arbitrators, who awarded that he should recover of the corporation $350.39, with interest from the date of his writ; that the corporation indorsed upon the certificate of this award that they made no objection thereto, save that they had been summoned as trustees of Norfolk; and that thereupon on September 12, 1864, by consent of the parties, Norfolk took judgment against the corporation for his costs, taxed at $76.70, and execution was issued thereon August 31, 1865.

It also appeared that demand was duly made on the corporation upon the three executions, and it neglected to pay them or either of them, or to exhibit property to satisfy them, for more than thirty. days after demand; and they were returned unsatisfied.

Upon this state of facts, the court held that the plaintiffs were entitled to a decree against the individual defendants for such part of the debt due to Norfolk as was contracted before May 25, 1861, and remitted the case for a further hearing. See 103 Mass. 160.

At this hearing, before *Wells*, J., the arbitrators in the action of Norfolk against the corporation were permitted to testify, against the objection of the defendants, that the whole sum which they awarded in his favor was allowed by them on account of services rendered and commissions due before May 25, 1861; and the judge found that the plaintiffs Smith and Small were entitled to recover the amount of the judgments in *scire facias*, and interest thereon from their date, and reported his ruling for the revision of the full court, together with the question whether Norfolk was entitled to recover the amount of his judgment against the corporation for costs. The report provided that the full court should " enter such decrees and orders, or give such direction for further proceedings, as upon determination of the questions hereby raised shall be found proper and in accordance with the rights of the respective parties, and also direct as to the costs of these proceedings."

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the defendants.

*C. Sewall*, for the plaintiffs.

MORTON, J. At the former hearing in this case, it was decided that the officers are liable for the debts of the corporation, contracted prior to May 25, 1861. 103 Mass. 160. If the record in the case had shown that the debt upon which judgment was obtained against the corporation was thus contracted, the plaintiffs would have then been entitled to a decree against the officers for the amount of such debt. But Norfolk brought his suit to recover for commissions, and for services, extending over two years commencing May 11, 1861. It was therefore necessary to remit the case for a further hearing, in order to ascertain how much of the debt, which by the award and judgment thereon was adjudicated to be due from the corporation, was contracted prior to May 25, 1861.

At such hearing, the presiding judge, against the objection of the defendants, admitted the testimony of the referees to show that the whole amount awarded to Norfolk was for commissions earned and services rendered prior to said May 25 ; in other words, that the debt upon which the award was based was contracted while the officers were individually liable. We are of opinion that this testimony was admissible.

When a creditor brings a suit against a corporation under the St. of 1862, *c.* 218, and recovers judgment, such judgment is evidence, in a suit in equity against the officers or stockholders, not only that it has been rendered, but also that the debt sued was a debt of the corporation. Otherwise the creditor would be compelled, in every such suit, to litigate anew the question of the liability of the corporation upon the debt which he seeks to enforce against delinquent officers or stockholders. And if the record shows that the debt sued on is a debt contracted while the officers were in default, they are liable without further proof. *Hawes* v. *Anglo Saxon Petroleum Co.* 101 Mass. 385. But if the record does not show what precise debt was the foundation of the judgment, it is competent to prove this fact by evidence *aliunde*. This does not contradict or impeach the record. It is often necessary to resort to parol proof to ascertain what facts are set-

tled by a verdict and judgment. If this does not appear by the record, but the verdict may have been based upon one of several grounds, it is competent to show by parol what facts were passed upon by the jury. *Burlen* v. *Shannon*, 14 Gray, 433, and cases cited. *Same* v. *Same*, 99 Mass. 200. *Merritt* v. *Morse*, *ante*, 270.

The same principle applies to this case. The award was the foundation of the judgment against the corporation, and took the place of a verdict of a jury. The record does not show what debt was adjudged to be due to Norfolk. We think it was competent to show by parol that the award was based wholly upon a debt contracted during the default of the officers.

The other question presented by this report is as to the amount for which the defendants are liable. In ordinary cases, where a creditor brings a bill in equity to enforce against the officers a judgment which he has recovered against the corporation, and where the judgment is founded upon and includes only the debt for which the officers are individually liable, we have no doubt that the measure of their liability is the amount of the judgment, including costs and interest thereon after its rendition. The third section of *c.* 218 of the acts of 1862 provides that no stockholder or officer of a corporation shall be liable for its debts, unless a judgment is recovered against it and the corporation neglects for thirty days " to pay the amount due, with the officer's fees." This without doubt includes the costs. The fourth section provides that the judgment creditor may bring· a bill in equity against the corporation and the officers liable, " for the recovery of the sums due from said corporation to himself." The sums due him include the costs as well as the principal debt. It was clearly the intention of the legislature, in the section we are considering, to make the officers liable for the whole amount of the judgment, including costs. And there is reason and justice in the provision. The corporation can act only through its officers, and it is solely by reason of their default that costs have been incurred. It may have some bearing, as showing the policy of our legislation upon this subject, to observe that by the provisions of the General Statutes, of which this act takes the place, delinquent officers and stockholders are clearly liable for costs in curred by the creditor. Gen. Sts. *c.* 60, §§ 31, 32.

The case at bar is peculiar, but we think it follows, upon these principles, that the defendants are liable for the debt or damages recovered against the corporation in the two *scire facias* suits, and for the costs in the suit of Norfolk. These costs are an incident of the original debt and a part of "the sums due from said corporation to him." But the costs in the *scire facias* suits stand upon different ground. It has been held that the recovery of these judgments was a sufficient compliance with the statute, to enable the plaintiffs to maintain this suit. But it does not follow that the officers are liable for the costs. Such costs are not due from the corporation to Norfolk. They have been incurred, principally, on account of the neglect or inability of Norfolk to pay his creditors, and not solely through the default of the defendants. We think they do not come within the letter or the reason of the statute, and that the officers are not liable for them in this suit.

The result is, that the plaintiffs are entitled to recover the amount of the damages in the *scire facias* judgments, and of the costs in the suit by Norfolk against the corporation, with interest on both from the date of the judgments. They are also entitled, as the prevailing party, to the costs of this suit.

*Decree accordingly.*