PATRICK COYLE vs. TAUNTON SAFE DEPOSIT AND TRUST
COMPANY.

Bristol.   October 24, 1910. — January 6, 1911.

Present : HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Savings Bank,* Liability of stockholders, Receivership proceedings.  *Receiver.*

After a receiver of a trust company has been appointed and has collected prac-
tically all of its assets and has distributed to the depositors a dividend compris-
ing a part only of the amounts due to them, so that, in order to pay to the
depositors the balance due them, it has become necessary to enforce against
the stockholders the liability created by R. L. c. 116, § 30, a depositor, although
the receivership proceedings still are pending and the company has in its pos-
session nothing which can be attached or taken on execution, may maintain an
action at law against the corporation for the sole purpose of laying the founda-
tion of enforcing under R. L. c. 110, § 60, the liability of the stockholders by
recovering a judgment against the corporation, causing a demand to be made on
an execution, and the execution to be returned wholly unsatisfied after thirty
days.

CONTRACT for an unpaid balance of a deposit of the plaintiff
with the defendant.  Writ in the First District Court of Bristol,
dated December 11, 1909.

On appeal to the Superior Court the case was heard by
*Hardy,* J., without a jury, upon an agreed statement of facts.

On a petition of the board of commissioners of savings banks
to the Supreme Judicial Court the defendant was placed in
the hands of a receiver on February 29, 1904.  Previous to
December 14, 1909, the receiver in the administration of the de-
fendant's affairs had collected practically all of its assets and
had distributed to the depositors, among them the plaintiff, a
dividend of seventy-five per cent, and, in order to pay to the
depositors the balance still due them, it became " necessary to
levy an assessment upon the stockholders of the corporation."

On December 14, 1909, the plaintiff filed the following peti-
tion in the receivership proceedings : " And now comes Patrick
Coyle of Taunton in said Commonwealth and says that he is a
creditor of said trust company ; that it appears from the re-
ceiver's report that there are not funds enough to pay his claim

in full; that his claim is a debt or contract for which the stockholders of said company are liable to be assessed; wherefore he prays that he may be allowed to bring suit against said company that he may reduce his claim to judgment for the purpose of finally establishing said stockholders' liability." The petition was allowed and this action was brought. At the time it was brought there were no assets or property in the hands of the defendant. The judge found that the sole purpose of bringing this action was to enforce the liability of stockholders of the defendant.

George B. Baker, one of the defendant's stockholders, was allowed to appear and defend the action.

The trial judge found for the plaintiff; and the defendant alleged exceptions.

*G. A. Sweetser*, for the defendant.

*F. S. Hall*, receiver, *pro se*.

LORING, J. After our decision in *Nichols* v. *Taunton Safe Deposit & Trust Co.* 203 Mass. 551, this action was brought against the trust company by one of its creditors to lay the foundation for enforcing under R. L. c. 110, § 60, the personal liability of stockholders created by R. L. c. 116, § 30. The only defense set up here is that before the date of the writ on a petition brought against it under R. L. c. 113, § 6 (which is applicable to trust companies by force of R. L. c. 116, § 37), all the property of the trust company had been put in the hands of a receiver to wind up its affairs and it had been enjoined from the further prosecution of any business. The defendant contends that this defense is good on the authority of what was said by Holmes, J., in *Archambeau* v. *Platt*, 173 Mass. 249, 251: "Apart from the statute, we cannot see how it is possible to justify bringing an action which it is admitted never can result in satisfaction from the defendants." The defendant also relies on *Morse* v. *Toppan*, 3 Gray, 411, 412; *Train* v. *Marshall Paper Co.* 180 Mass. 513; *Norfolk* v. *American Steam Gas Co.* 108 Mass. 404, 407. But the answer to that is that the amendment to R. L. c. 116, § 30, made by St. 1905, c. 228 (authorizing receivers of insolvent trust companies to enforce the personal liability of stockholders which is here in question), of necessity implies that a judgment can be obtained against a trust com-

pany in the hands of a receiver.    We do not intimate that the result would not have been the same before the enactment of St. 1905, c. 228.

*Exceptions overruled.*