JOEL N. HAYES, Appellant, *v.* JOHN S. HEYER and others, Respondents.

In case of the insolvency or bankruptcy of a partnership, no special partner can, under any circumstances, be allowed to claim as creditor, until all claims of other creditors of the partnership are satisfied.

But where, in such case, the special partner is a general partner in another firm, to which the insolvent partnership is indebted, the debts due to such firm are not to be postponed, on account of the (former) special partner's interest therein.

*Charles A. Rappello,* for the appellant.

*H. Ketchum,* for the respondents.

DAVIES, Ch. J.　The questions which are presented for adjudication in this case arose upon an order of reference made herein, referring, among other things, to a referee to ascertain who were the creditors of the late firm of Hayes & Heyer, and the amount due to such creditors, respectively, and the order in which they are entitled to payment out of the assets of said firm.　The referee reported that there was due to the defendants, Morris Ketchum and Edward Bement, as survivors of Thomas Rogers, deceased, and who with him constituted the firm of Ketchum, Rogers & Bement, the sum of $22,035.73; and to the defendant Morris Ketchum, individually, the sum of $16,927.76.　It was contended, before the referee, that said Ketchum and Bement, as survivors of said Rogers, were not entitled to payment out of the assets of said firm of Hayes & Heyer, until all the creditors of the said firm, except said Ketchum and Bement, as such survivors, and said Ketchum, individually, shall have been paid their respective claims, and that said Ketchum and Bement, as such survivors, were to be postponed in the distribution of said assets to every other creditor except said Ketchum, individually; or, at least, that said Ketchum and Bement, as such survivors, are to be postponed to the extent of the interest of the said Morris Ketchum in the said debt due to the firm of Ketchum, Rogers & Bement.

The referee further reported that the facts upon which said postponement was claimed were, that the said firm of Hayes & Heyer was a limited partnership, formed under the Revised Statutes of this State, in which, during the whole period of its existence, the plaintiff and the defendant Heyer were the general partners, and the defendant Ketchum was the special partner; that said Ketchum, Rogers & Bement were copartners, composing the firm of Ketchum, Rogers & Bement, and were each equally interested in the same, and the share or interest of said Ketchum in the claim of said Ketchum, Rogers & Bement, was one-third part thereof, and that said firm of Hayes & Heyer was insolvent; and that the ground upon which it was claimed that said debt should be postponed was, that said Ketchum was the special partner in said firm of Hayes & Heyer; and the referee decided, as matter of law, that the said debt, in whole or in part, ought not to be postponed, but that said Ketchum and Bement were entitled to share ratably and in equal proportion in respect thereof with the other creditors of said firm in the distribution of the assets thereof.

The referee further reported that it was insisted and claimed before him that said Ketchum, individually, was not entitled to the payment of the sum found due to him by said firm, or any part thereof, until all the other creditors of said firm had been paid in full. And he reported that the facts relating to said claim of said Ketchum individually were, that said firm of Hayes & Heyer, being such limited partnership, and said Ketchum being the special partner therein, had, before its dissolution, made and delivered to divers persons other than themselves, for a valuable consideration, the promissory notes of said firm for various amounts, and the same were, at the time of such dissolution, outstanding. After such dissolution, as the said promissory notes became due, the said firm of Ketchum, Rogers & Bement, at the request of said Ketchum, and upon his agreement to indemnify them for so doing, took up and held the said promissory notes to an amount which, with interest to October 1, 1852, amounted to the sum of $12,301.66, after deducting a dividend made out of the assets

of said firm of Hayes & Heyer, and paid thereon by the assignee of said firm. On the said 1st of October, 1852, the said Ketchum, in fulfillment of his guaranty, paid to said Ketchum, Rogers & Bement that sum of money, and the same, with the interest thereon, constitutes the claim of said Ketchum, individually allowed to him by said referee; and he also found that said firm of Hayes & Heyer was insolvent at the dissolution thereof, and has ever since so continued; that the ground upon which it was claimed that said claim of said Ketchum, individually, should be postponed until the payment of the other creditors of said firm, was, that said Ketchum was the special partner of said firm; and, as a conclusion of law, said referee found that the claim of said Ketchum, individually, ought not to be postponed, but that he was entitled, with the other creditors of said firm, to participate equally in the assets thereof.

The Superior Court of New York confirmed said report, and judgment was entered therein in conformity with the same, and the plaintiff now appeals to this court.

It appeared from the pleadings in the action, that said limited partnership was formed on or about the month of April, 1843, and was dissolved by the mutual consent of the two general partners and of the said special partner on the 12th day of December, 1846.

At the time this partnership was formed and dissolved, the provisions of the Revised Statutes of this State were, that "in case of the insolvency or bankruptcy of the partnership, no special partner should, under any circumstances, be allowed to claim, as a creditor, until the claims of all the other creditors of the partnership should be satisfied." (1 R. S., 767, § 23.)

We will first consider the claim of the firm of Ketchum, Rogers & Bement to participate in the assets of the limited partnership. It is insisted that the debt of this firm is to be postponed until the payment of all the other debts of the partnership, on the ground that Ketchum, one of the members of this firm, was the special partner. This precise question arose and was decided in the Superior Court of New York in *Hayes* v. *Bement* (3 Sandf. S. C., 394). It was

there held, that where a limited partnership becomes insolvent, and the special partner is a general partner in another firm to which the limited partnership is indebted, neither the debt due to such firm, nor such general partner's interest therein, is to be postponed, under the provisions of the statute. The reasoning of the opinion of the court in that case is satisfactory and conclusive.

The inhibition of the statute is personal to the special partner. His debt is to be postponed to that of all other creditors. But the statute does not go to the extent of declaring that no debt in which the special partner is interested shall be so postponed. This statute is severe and stringent in its terms, and this particular provision has been found, by experience, to operate with so much injustice and hardship, that the legislature, in 1857, amended it, by placing the debts of a special partner on the same footing as those of other creditors. (Laws of 1857, ch. 414.) In view of this legislation, we should not be warranted in going beyond the strict letter of the statute. Now, it must be conceded that, by its terms, it embraces only a debt due from the limited partnership to the special partner individually. The claim, in this case, is not such a debt. It is one due to the firm of Ketchum, Rogers & Bement. It is the property of that firm, and is, by law, to be taken, if need be, to liquidate the debts of that firm. It is not the individual property of Ketchum, the special partner, and cannot be appropriated to the payment of his individual debt. With the same propriety it might. be urged that the debt of a corporation in which Ketchum was a stockholder should be postponed until the payment of the other creditors.

This, certainly, was never the intention of the legislature. The penal character of the provisions of section 23 was in aid of the prohibition contained in section 17, which declared that the special partner should not transact any business on account of the partnership, nor be employed for that purpose as agent, attorney, or otherwise. This prohibition could not legitimately be extended to this firm of Ketchum, Rogers & Bement. It was competent for that firm clearly to transact

any business with, or on account of, the partnership, or to be employed by it as attorney, agent, or otherwise. If such business or employment was lawful, then it would follow that the debts, duties, or obligations arising therefrom were to be dealt with and regarded as any other debts, duties, or obligations of the limited partnership. It follows from these considerations, that the debt due by this limited partnership to the firm of Ketchum, Rogers & Bement, in the distribution of the assets of such partnership, is to be placed on the same footing, and entitled to share equally therein, with the claims of other creditors thereof.

There remains to be considered the claim of the defendant Ketchum individually against said partnership. This was not acquired by him until after the dissolution of said partnership, or, in other words, after it had ceased to exist. The acquisition of this debt by the defendant Ketchum cannot rightly be regarded as transacting any business on account of or with said partnership. He was not a special partner at the time he became the creditor of the limited partnership, or, more strictly speaking, of the general partners thereof, and acquired the right to participate in its assets. None of the evils which the legislature intended to guard against could arise from the fact that the special partner became a creditor after the dissolution of the partnership. The statute did not prohibit his becoming such, and it was only debts he might have as special partner, accruing while he sustained that relation, which, by the terms of the statute, are to be postponed to the claims of other creditors. Ketchum, by the purchase or transfer of this debt, was subrogated to the rights of the creditors holding the same, and is equally entitled with them to participate in the distribution of the assets of the partnership. Those from whom he purchased would have been entitled to share therein, and Ketchum having acquired their rights after he ceased to be such special partner, no reason appears why he has not the same right.

The judgment appealed from should, therefore, be affirmed, with costs.

Judgment affirmed.