*Decree accordingly.*

---

BURTON W. POTTER *vs.* STEVENS MACHINE COMPANY
& others.

Worcester.  Oct. 3, 1878. — Nov. 12, 1879.  AMES & SOULE, JJ., absent.

A creditor, who is also a member of a corporation, cannot maintain a bill in equity to enforce the personal liability of the stockholders under the St. of 1862, c. 218; and a person, to whom a stockholder has transferred a promissory note of the corporation, for the sole purpose of enabling him to obtain judgment upon it in his own name, and to bring a bill in equity to enforce the personal liability of the stockholders, stands in no better position than his assignor.

COLT, J.  This is a bill in equity, filed May 5, 1876, against a corporation organized under the general laws of this Common-wealth, and against all the stockholders and members thereof, for the purpose of enforcing against the stockholders the pay-ment of a judgment obtained by him against the corporation on three promissory notes.

The suit is brought under the provisions of the St. of 1862, *c.* 218, § 4, for the benefit of the plaintiff and such other creditors as may come in and become parties to the proceedings. It seeks to charge the stockholders, on the ground that the corporation incurred the debts, claimed to be due, before the capital was fully paid in, and before the stockholders had paid in full the par value of their shares. The case was reserved upon the defendants' exceptions to the master's report.

It appears from the master's report, that the notes, upon which the plaintiff obtained his original judgment at law, against the corporation, belonged to Wright, one of the original stockholders, who is now made a defendant; and that the notes were assigned by Wright to the plaintiff, for the sole purpose of enabling him to conduct these proceedings in his own name, for the benefit of the former, with an agreement to secure him against any personal responsibility for cost and expense, and to pay him for his services. Under such an arrangement, the nominal plaintiff can have no greater rights, against the other stockholders, than his assignor would have. *Thayer* v. *Union Tool Co.* 4 Gray, 75. All other claims proved before the master were for debts of the corporation to stockholders and directors in the company, who are also included among the defendants to the suit. All the defendants were subscribers to the stock. Some of them had paid in part for the stock subscribed, and some had not paid anything, when this liability was incurred, and no certificates of stock had been issued to any one.

One of the exceptions to the master's report is, that the St. of 1862 only provides a remedy by bill in equity for creditors who are not stockholders or officers of the corporation; and, therefore, that the master was not authorized to find that the defendants are liable for the debts here found due. That is the question presented.

The rights of the parties are to be determined by the St. of 1862, which was in force when these debts were contracted and this corporation organized, but is now repealed by the St. of 1870, *c.* 224, saving, in § 69, any rights already acquired, or liability incurred, under existing laws. *Taylor* v. *New England Lithographic Co.* 108 Mass. 523.

In the opinion of the court, the remedy provided by the

statute in question is intended only for creditors who are not members of the corporation, and cannot be availed of by creditors who are also stockholders. The statute carefully defines the liabilities of officers and stockholders to creditors, and makes provision for enforcing the liability so defined; the purpose is to declare the limits within which the corporators may enjoy the franchises and privileges granted, without personal liability to outside creditors. The intention is to protect third persons, who deal with the corporation in the faith that its financial condition is what it would be with all its capital paid in and its affairs managed according to the requirements of law. The remedy is fitted to enforce the liability of stockholders in favor of outside parties, and not to adjust the conflicting and complicated claims of stockholders among themselves, upon a final settlement of the corporate affairs. The requirement that all stockholders must be joined as defendants implies that those who are plaintiffs and those who join in the prosecution of the suit are creditors only, and not stockholders.

Under similar provisions in a former statute, this question seems to us to have been substantially decided. By that statute, members of a manufacturing corporation were made jointly and severally liable for debts contracted before the capital was paid in; and their persons and property were made liable to be taken on any writ of attachment or execution against the company for such debt. Rev. Sts. c. 38, §§ 16, 30. It was held in *Thayer* v. *Union Tool Co.*, above cited, that a creditor, who was also a stockholder, individually liable for its debts, could not take the property of other stockholders equally so liable, but must resort to his bill in equity against them for contribution. It was said, that such a stockholder was not one having a debt against the company which, as respected him and to him, the other stockholders were jointly and severally liable to pay; but that their ultimate liability to him was only to pay their proportionate part of the debt. It was further suggested, that, while the plaintiff had the power to sue at law, and to enforce his claim against the property of the corporation, his remedy as against the other stockholders was for contribution, under the provisions of statute which give this court jurisdiction in equity in all suits for contribution by or between any persons who are

respectively liable for the same debt or demand, when there is more than one person liable at the same time for contribution. Gen. Sts. c. 113, § 2.

The St. of 1862 gives to creditors a remedy by bill in equity, instead of the right formerly given, to take the stockholders' property by attachment or on execution. The change in the form of remedy was made necessary, because the stockholder's liability was then first limited to the par value of the stock held by him; and being so limited, it was necessary that all the creditors should be made parties to a suit in equity, as well as all the stockholders, in order that the full extent of liability might be ascertained and apportioned among the stockholders according to the amount of their stock. See *Merchants' Bank* v. *Stevenson,* 5 Allen, 398. But this change of remedy does not diminish the force of the reasons given in *Thayer* v. *Union Tool Co.,* above cited, when applied to a case like this, arising under the more recent statute.

*Exceptions to master's report sustained, and bill dismissed.*

*L. Wallace & F. P. Goulding,* for the defendants.

*T. L. Nelson & B. W. Potter,* for the plaintiff.