HENRY C. THACHER & another vs. THEOPHILUS KING
& others.

Barnstable.    December 8, 1891. — June 22, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Corporate Debts — Liability of Officers of Corporation.*

Debts due from a corporation to one of the directors are debts within the meaning
of the Pub. Sts. c. 106, § 60, cl. 3, which provides for the liability of the presi-
dent and directors of the corporation to the extent of the excess of its debts over
its capital.

A part of the indebtedness of a corporation to a firm was for advances made by it
as selling agents for the corporation.  The firm was expected to pay itself for
advances out of the goods in its hands, and in fact did receive and apply from
goods on hand but not sold, or sold but not paid for, a certain sum.  *Held,* that
the president and directors of the corporation were not entitled to have the
latter sum deducted from the former in determining by how much the debts
exceeded the capital, under the Pub. Sts. c. 106, § 60, cl. 3.

On a bill in equity brought by judgment creditors to enforce the liability of the
president and directors of a corporation under the Pub. Sts. c. 106, § 60, cl. 3,
§ 62 *et seq.*, the plaintiffs may prove not only their judgment debt, but a further
sum due them on simple contract.

Where the debts of a corporation exceed the capital, a director of the corporation
who is creditor cannot share with other creditors who are not directors in the
amount which he, or he and other directors, may be compelled to pay towards
the debts of the corporation in consequence of such excess, as provided by the
Pub. Sts. c. 106, § 60, cl. 3, § 62 *et seq.*; and an assignee of the assets of a firm,
one member of which is a director of the corporation, which assets include
claims of the firm against the corporation, stands no better than the firm would
have done had they presented their claims in person.

BILL IN EQUITY, filed on April 7, 1890, by Henry C. Thacher
and Thomas C. Thacher, copartners, judgment creditors under
the Pub. Sts. c. 106, § 62, " in behalf of themselves and of all
other creditors of the Bay State Felt Boot and Shoe Company,"
a corporation established under the laws of the Commonwealth,
against said corporation, and Theophilus King, Elbridge M.
Morse, Moses G. Clement, James D. Pike, and Isaac B. Little,
its directors, to enforce the personal liability of the directors, on
the ground that on January 30, 1889, at the time of the com-
mencement of the action at law of the plaintiffs, the debts of the
corporation exceded its capital to the amount of $21,090.55.

Hearing in this court, on the bill, answers, and report of a master, before *Morton*, J., who entered a decree for the plaintiffs, and the defendants appealed to this court. The facts appear in the opinion.

*J. C. Coombs*, (*C. H. Hanson* with him,) for the defendants.

*M. M. Weston*, for the plaintiffs.

MORTON, J.  This is a bill in equity, brought by judgment creditors of the defendant corporation to enforce the liability of its president and directors to the extent of the excess of its debts over its capital, as provided in Pub. Sts. c. 106, § 60, cl. 3, § 62, *et seq.* The case was heard upon a master's report, and the plaintiffs, Thacher and Company, had a decree for the amount of their judgment, and also for the amount of a simple contract debt due to them, with interest. The claim of another creditor, the New England Leather Company, was rejected. This company and the defendants appeal, and present certain questions raised by the master's report, which we shall state.

The fundamental question is whether these debts of the corporation did exceed its capital on January 30, 1889, the time of the commencement of the suit in which Thacher and Company recovered judgment. This depends on the question whether debts due from the corporation to one of the defendant directors are to be counted among the debts for this purpose. It is argued for a director, that if such debts cannot be proved in this suit they ought not to be counted for any purpose; that the statute contemplates no distinction between the " debts " mentioned at the beginning of § 60, for which the directors are liable, and the " debts " which exceed the capital, in clause 3 of the same section; that it is held in New York that such debts cannot be proved; *Easterly* v. *Barber*, 65 N. Y. 252; *Knox* v. *Baldwin*, 80 N. Y. 610, 612; and that the conclusion argued for is drawn in *McClave* v. *Thompson*, 36 Hun, 365.

We cannot assent to the foregoing argument. Whether debts due to the directors can be proved in this suit or not, they may be lawful debts. When they are so, they stand on an equal footing with other debts as against the corporation, and therefore go to diminish the primary fund which the creditors look to, and to create the need for the personal liability imposed by the statute.

They are within the words of § 60, cl. 3, "debts of a .corporation," and we see no reason for cutting down the literal meaning by construction. If a different doctrine should prevail in New York, very possibly it would be accounted for by the difference between the statutes of the two States.

A part of the defendant corporation's indebtedness to the defendant King, as found by the master, was $9,960.44, for advances made by his firm as selling agents of the corporation. Of course they were expected to pay themselves for their advances out of the goods in their hands, and in fact they did receive and apply from goods on hand on January 30, 1889, but not sold, or sold but not paid for, the sum of $7,385.77. The next question raised is whether the defendants are entitled to have this latter sum deducted from the former in determining how much the debts exceed the capital. It is suggested that this proceeding is so far analogous to proceedings in insolvency that what is the debt of the corporation should be ascertained on the principle of mutual credits applied there. *Brown* v. *New Bedford Institution for Savings*, 137 Mass. 262, 265. We shall not deal at length with the plausible arguments which conceivably might have induced the master to find differently, or the Legislature to adopt a complex instead of a simple system. The master has found that the larger sum was the amount of money due to King and his partner on January 30. If they had a right to demand that amount in cash, it was none the less a debt because both parties expected that they would not do so, but would apply the property in their hands for sale as far as it would go. If that amount was the amount of the debt, due in a popular and ordinary legal sense, it was the amount of the debts within § 60, cl. 3. The Legislature saw fit to use plain words, which we must take plainly as we find them.

A suggestion was thrown out that Thacher and Company could prove only their judgment debt, and not the further sum due them on simple contract. But § 64 only requires that a judgment should have been recovered, and an execution returned unsatisfied, as provided in § 62, and when that condition exists any creditor may file the bill, and it is to be on behalf of himself and all other creditors. Even if it be necessary that the plaintiff bringing the bill should have recovered the judg-

ment, which the statute does not say, still the benefit of the bill is not confined to judgment creditors, and, if other simple contract creditors can join them, there is no reason why the plaintiffs should not join their claims of like nature.

The remaining question concerns the right of the New England Leather Company to prove. This corporation is made up by the creditors of Bryant and King, the firm of which the defendant director King was a member, and it seeks to join as a plaintiff on the ground that it has taken an assignment of all the assets of Bryant and King, and that these include claims of the latter against the defendant corporation. We do not think the corporation stands any better than Bryant and King would have done had they presented their claims in person, or that Bryant and King would stand any better than King would have stood. *Thayer* v. *Union Tool Co.* 4 Gray, 75, 79. *Potter* v. *Stevens Machine Co.* 127 Mass. 592, 593. The case of *Hayes* v. *Heyer*, 35 N. Y. 326, stands upon the statute of that State, which differs somewhat from our statute.

The question remaining is, whether, where debts exceed the capital, a director who is a creditor can share with other creditors who are not directors in the amount which he, or he and other directors, may be compelled to pay towards the debts in consequence of such excess. The argument that he can do it is, first, that the statute makes no difference between him and any other creditor; secondly, that the debt due him is counted to make up the excess, and should therefore be counted in the distribution; and thirdly, that such construction will enable a director to ascertain at any time the limit of his liability, and to settle, if he desires to do so, without waiting for a suit in equity.

The liability which we are considering is wholly a statutory one, and is based on the idea that, if directors choose to contract debts in excess of the capital, they should be liable for the debts to the extent of the excess. This would seem to imply of itself that they are to have no share in such excess as creditors of the corporation. The statute enacting the liability is found, as to directors, in the Pub. Sts. c. 106, § 60, and as to stockholders, in § 61. Section 60 provides that " the officers . . . shall be jointly and severally liable for its [the corporation's] debts and

contracts in the following cases." It is only, therefore, creditors who come within some one of the cases described to whom the officers are jointly and severally liable. To say that the officers may come within one or more of those cases would be to say that they may be jointly and severally liable to themselves. It would seem plain that the debts and contracts for which the officers of a corporation were liable under the statute were the debts and contracts other than those due to or made with themselves. The officers are on one side, and the other creditors are on the other, and it is to them, and for their security alone, that the officers are made liable. Officers are not within the reason of the liability. They know, or are supposed to know, the condition of the corporation. Outside creditors are not supposed to know it, and therefore are to be protected. When we come to the matter of remedy, it is also clear that only those who are creditors within the meaning of §§ 60 and 61 can avail themselves of the provisions of § 64, and that there also directors are not regarded as creditors. The creditors there referred to are clearly those to whom the directors and stockholders are liable by reason of the existence of some one or more of the conditions enumerated in §§ 60 and 61. The bill is to be brought in behalf of the creditors bringing it, and all other creditors, and against all persons who were stockholders, or against all the officers. In addition to the fact that to hold that an officer was a creditor would be to make him plaintiff and defendant, it is plainly implied that he is not regarded as a creditor. A question similar to this has arisen as to stockholders, and it has been held that a stockholder is not one having a debt against the corporation " which, as respects him and to him, the other stockholders are jointly and severally liable to pay." *Thayer* v. *Union Tool Co.* 4 Gray 75, 79. This case was followed by *Potter* v. *Stevens Machine Co.* 127 Mass. 592, and the effect of both cases would seem to be such as to dispose of this. While the extent to which and the grounds on which stockholders are liable differ from those to and on which directors are liable, within their respective limits both are made jointly and severally liable for the debts and contracts of the corporation, and their liabilities are enforced in the same general manner; and if a debt from a corporation to a stockholder falls

outside the debts to which the statute relates, it would seem that a debt due to a director, so far as relates to his right to bring a bill, or come in under a bill and share in the fund, should also fall outside the statute. There would seem to be no valid distinction between the two. Officers may become creditors of the corporation, and may pursue the ordinary remedies open to creditors, and if they get their pay before a creditor brings suit the liabilities are diminished to that extent. There is nothing in that in the least degree inconsistent with a construction of the statute which holds that, as to the excess of indebtedness over capital, they shall not be treated as creditors, but it shall be for the benefit of third parties, and they shall be liable to third parties for its entire amount. This construction makes complete the analogy furnished by a partner attempting to prove, for a debt due him from the firm, against the firm assets in competition with firm creditors. It is also clear, from this construction of the statute, that to permit a director to prove in competition with other creditors would cut down their rights, because it would diminish by the amount of his dividend the amount coming to them. In addition to *Potter* v. *Stevens Machine Co.* and *Thayer* v. *Union Tool Co.*, *ubi supra*, see *Merchants' Bank* v. *Stevenson*, 10 Gray, 232; *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 4 Allen, 239; *Merchants' Bank* v. *Stevenson*, 5 Allen, 398, 401, 402, and 7 Allen, 489; *First National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563.

Whether, under any circumstances, a director might have a right to be subrogated to a creditor's proof, need not be considered here. Perhaps he might. But that does not affect the construction to be given to the statute upon the question which we are now considering.

As to the second ground taken, that the debt is counted in ascertaining the excess, and should therefore be counted in distribution, that would seem to be disposed of by what has already been said. The statute cannot reasonably be construed in any other way than as meaning that, as to the fund realized from the excess of indebtedness, the director is not regarded as a creditor at all. That belongs entirely and absolutely to the creditors who are not officers. It is for their benefit, and theirs alone, that the officers are compelled to pay it. To hold that the officers

are, as creditors, entitled to any part of it, would be to impair what is intended as security for the other creditors, and for them only. Plainly a debt due to a director is just as much a debt as if due to any one else, and can be collected by him by suit and attachment against the corporation, and should be counted in ascertaining its indebtedness.

As to the last ground, no doubt it might be advantageous to a director to know at all times the exact limit of his liability. But, as Bigelow, C. J. says, in *Merchants' Bank* v. *Stevenson,* 7 Allen, 489, 493, " A liability of this sort is necessarily indefinite in amount, and can only be determined at the suit of a creditor or creditors, seeking to enforce the remedy in their own behalf and in behalf of other corporate creditors." It results from the act of the directors, and they cannot justly find fault if they are held strictly to the statutory liability.

*Decree affirmed.*