PATTERSON v. WADE.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1902.)

No. 727.

1. LIMITATIONS—ACTION TO ENFORCE STATUTORY PENALTY.

An action to charge directors with liability for a debt of the corporation, under a state statute, because of their having declared dividends when the corporation was insolvent, is one to recover a statutory penalty, which under the statute of Oregon (1 Hill's Ann. Laws Or. p. 136) must be brought within three years after the cause of action accrues.[1]

2. SAME—ACCRUAL OF CAUSE OF ACTION—ACTION TO ENFORCE STATUTORY LIABILITY OF DIRECTORS.

Under 2 Hill's Ann. Laws Or. § 3231, which provides that directors of a corporation who declare and pay dividends when the corporation is insolvent "shall be jointly and severally liable for the debts of the corporation then existing or incurred while they remain in office," the right of action of a creditor entitled to enforce such provision against the directors accrues on the maturity of his claim against the corporation.

3. SAME—RENEWAL OF CERTIFICATE OF DEPOSIT.

The issuance by a bank of a certificate of deposit for the amount of a former certificate, which has matured, does not create a new debt, but merely operates to extend the time of payment of the old debt, and a right of action in favor of the holder against directors of the bank, who under the statute have previously become liable for the payment of any debt "then existing or incurred while they remain in office," accrues at the time of the maturity of the certificate existing at the time the penalty was incurred, and not on the maturity of the new certificate.

4. PLEADING—REPLY—DENIAL OF NEW MATTER IN ANSWER.

An allegation in an answer, in support of a plea of limitation, that the certificate of deposit sued on was issued by the bank in renewal of a prior indebtedness evidenced by a certificate which had matured and on which the exact amount of the new certificate was then due, and not for an indebtedness then created, is not sufficiently traversed to raise an issue by an allegation of the reply that the old certificate was surrendered and received with the understanding and agreement between plaintiff and the bank that it should constitute a new deposit, and such allegation was properly stricken out as immaterial.

------

[1] See Limitation of Actions, vol. 33, Cent. Dig. § 162.

**5. SAME—MOTION FOR JUDGMENT ON PLEADINGS—INSUFFICIENT DENIALS.**
Under the provision of 1 Hill's Ann. Laws Or. § 94, that "every material allegation of new matter in the answer not specifically controverted by the reply shall, for the purpose of the action, be taken as true," where facts were alleged in an answer which supported a plea of limitation, and such allegations were not specifically denied in the reply, defendant was entitled to judgment on the pleadings.

In Error to the Circuit Court of the United States for the District of Oregon.

Gustav Anderson, for plaintiff in error.

R. & E. B. Williams, for defendant in error.

Before MORROW, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge. In this action, commenced March 26, 1898, the plaintiff seeks to recover from the defendant Wade, and other directors of the Portland Savings Bank of Portland, Or., the sum of $9,718.33, alleged by plaintiff to have been deposited by him in that bank on May 10, 1894. The action is based upon a statute of Oregon, which, so far as necessary to be here quoted, is as follows:

"Sec. 3231. If the directors of a corporation declare and pay dividends when the corporation is insolvent, or which renders it insolvent, or diminishes the amount of its capital stock, such directors shall be jointly and severally liable for the debts of the corporation then existing or incurred while they remain in office. * * *" 2 Hill's Ann. Laws Or. p. 1433.

The complaint, in addition to other matters, which need not be referred to, alleges that on March 13, 1893, the defendants, while acting as a board of directors of the Portland Savings Bank of Oregon, declared a dividend of 2 per cent. on its capital stock; that this dividend was paid April 1, 1893; and that the bank was insolvent when this dividend was declared, and also when it was paid. The defendant Wade was the only one of the defendants served with process. In the answer filed by him he put in issue many of the averments of the complaint, and also pleaded, as an affirmative defense, that the action is barred by the statute of limitations, for the reason that the same did not accrue to the plaintiff within three years next prior to its commencement; and in this connection it is alleged in the answer that plaintiff deposited with the Portland Savings Bank, on February 11, 1890, the sum of $10,000, for which the bank issued its certificate of deposit, payable in one year from its date, with interest at the rate of 6 per cent. per annum; that the interest on this certificate was paid, and on March 12, 1891, the plaintiff surrendered the certificate to the bank, taking a new certificate in place of the one surrendered, and for the same amount; that the indebtedness created by the original deposit was thus renewed from year to year; that the fourth certificate issued to plaintiff for that purpose was dated on March 22, 1893, and was for the sum of $10,000, payable February 11, 1894, "with like interest as the other certificates and for the same time"; that on April 19, 1894, $1,000 was paid on the certificate issued March 22, 1893, and on May 10, 1894, this last-named certificate was surrendered by plaintiff, and he received

in lieu thereof the certificate of deposit sued on for $9,718.33, the balance then due upon the deposit alleged to have been made February 11, 1890. The answer then proceeds to allege: "That plaintiff deposited no part of the money mentioned in his complaint subsequent to the time when the first certificate was issued by said bank to plaintiff as aforesaid, and that all of the said certificates issued subsequent to the said first certificate were renewals of the debt and of the said certificate dated February 11, 1890, hereinbefore set out." The plaintiff moved to strike from the answer all of the allegations relating to the deposit made on February 11, 1890, and the subsequent issuance of certificates of deposit therefor. The motion was denied, and thereupon the plaintiff filed a reply to that portion of the answer to which the motion to strike out was directed. In this reply the plaintiff admitted that he deposited $10,000 with the Portland Savings Bank on February 11, 1890, and that certificates of deposit for the amount, and at the times stated in the answer, were received by him, but alleged that each time a certificate was surrendered, and a new one issued in its place, it was agreed between plaintiff and the bank that the transaction was to be deemed a new deposit of the amount named in the surrendered certificate; and with reference to the certificate of deposit issued March 22, 1893, it is alleged in the reply that $1,000 was paid thereon on April 19, 1804, and that on May 10, 1894, the plaintiff, by his agents Wells, Fargo & Co., deposited said certificate with the Portland Savings Bank, "and that said bank then and there received, and said Wells, Fargo & Co. then and there so deposited, said certificate as a new deposit, together with the sum of $718.33, and that said deposits were new deposits, and that pursuant thereto said bank then and there, on May 10, 1894, in conformity with and pursuant to the agreement and understanding by and between said bank and its directors, * * * agreed to pay interest on said deposit from said date, and not from any date prior thereto, and that said bank then and there acknowledged in writing said deposit, and did then and there issue in writing its certificate of deposit therefor, as alleged in plaintiff's complaint." It was also alleged in the reply that plaintiff did not know of the illegal action of the defendants in declaring and paying the dividends mentioned in the complaint until on or about March 25, 1898, and that he could not, by the exercise of ordinary diligence, have acquired such knowledge before that date. The foregoing averments of the reply were, on motion of defendant, stricken out. Thereupon judgment was rendered in favor of defendant on the pleadings. The case was brought here by the plaintiff on a writ of error.

1. The action is one to recover a statutory penalty. Patterson v. Thompson (C. C.) 86 Fed. 85; Bank v. Bliss, 35 N. Y. 412; Gregory, v. Bank, 3 Colo. 332, 25 Am. Rep. 760; Wiles v. Suydam, 64 N. Y. 173. An action upon a statute for a penalty or forfeiture must, under the law of Oregon, be brought within three years after the cause of action accrues. 1 Hill's Ann. Laws Or. p. 136. In order, therefore, to pass upon the question which is presented by the ruling of the circuit court, denying plaintiff's motion to strike out that part of the answer to which reference has been made, it becomes necessary—

First, to determine when a cause of action accrues to a creditor under the statute upon which this action is based; and, secondly, whether the facts alleged in the answer show that the present action was not brought within three years after it accrued.

The statute provides that directors of a corporation who declare and pay dividends when the corporation is insolvent "shall be jointly and severally liable for the debts of the corporation then existing or incurred while they remain in office." It will be observed that the statute does not say, in express terms, whether the action it gives shall accrue when the illegal dividends are paid, or only upon the maturity of the creditor's debt, if such debt is not then due; but we think the reasonable construction of its language is that the creditor's cause of action thereunder accrues upon the maturity of his debt. The directors who participate in the payment of an illegal dividend are simply made jointly and severally liable for the debts of the corporation then existing or incurred while they remain in office; that is to say, liable to the same extent as if they had been parties to the contracts by which the debts of the corporation were incurred. They are thus made directly liable for the performance of such contracts of the corporation, and, as the time when performance is to be made is an essential part of the obligation of a contract, the directors cannot, under the statute, be called upon to perform before the time when performance can be required from the corporation. Now, as we have seen, it was alleged in that part of the answer which the court refused to strike out that upon April 1, 1893, the date when the illegal dividends were paid, the Portland Savings Bank was indebted to the plaintiff on account of the deposit made by him February 11, 1890; that such indebtedness was at that time evidenced by a certificate of deposit for the sum of $10,000, dated March 22, 1893, payable on February 11, 1894; and it was further alleged that the certificate sued on was issued to plaintiff upon the surrender of the one of March 22, 1893, and for the balance due upon such certificate. Upon this state of facts, under the construction which we have placed upon the statute, plaintiff's cause of action against the defendant accrued on February 11, 1894, the date when the indebtedness of the Portland Savings Bank to him, existing on April 1, 1893, became due, unless in giving the certificate sued on the bank incurred a new indebtedness to the plaintiff, and that it did not is, we think, clear upon principle and established by decided cases. Iron Co. v. Walker, 76 N. Y. 521; Patterson v. Thompson (C. C.) 86 Fed. 85; Lee v. Hollister (D. C.) 5 Fed. 752. The indebtedness which this certificate represents is none other than the balance due to the plaintiff from the bank on account of the deposit made by him on February 11, 1890, and the certificate when delivered was in legal effect a promise to pay that indebtedness upon the date therein named, and its delivery to plaintiff was not the creation of a new debt. As was said in Iron Co. v. Walker, 76 N. Y. 521:

"The giving up of one promise to pay on taking another from the same party is but a continuation of the promse, and the giving of further time to perform it. As the first did not pay the debt, the other does not redeem the promise of the first, nor itself pay the debt."

It is clear to us that the allegations of the answer before referred to show that all of the certificates of deposit subsequent to the first one issued on February 11, 1890, when the original deposit was made, were but continued evidences of that indebtedness, and in the language of the court in the case of Iron Co. v. Walker, just cited, only "extensions from date to date of the time of payment thereof." It follows from the foregoing views that plaintiff's cause of action against defendant accrued on February 11, 1894. The statute of limitations began to run in favor of defendant on that day, and its operation was not suspended by the action of the plaintiff in accepting from the Portland Savings Bank the certificate of deposit mentioned in the complaint. The time for the payment of the bank's indebtedness to plaintiff was thereby extended until the maturity of that certificate, but this does not affect the right of the defendant here to insist upon the bar of the statute. The general rule, subject to some statutory exceptions not presented by the facts of this case, is that when the statute of limitations is once put in motion nothing interrupts its running, and certainly the plaintiff could not by any agreement made between himself and the bank, after the statute once began to run in favor of defendant, deprive him of the benefit of this general rule. In discussing the effect of the statute of limitations upon actions arising under a statute charging trustees with the debts of the corporation, for failure to make reports as therein required, the court of appeals of the state of New York said, in the case of Rector, etc., of Trinity Church v. Vanderbilt, 98 N. Y. 170:

"The statute operates upon the remedy, and the omission of the creditor to pursue it cannot stop its running. The liability of the trustee was imposed by statute, and the benefit and suit therefor are limited to the creditor as the one aggrieved. In such a case, when the statute of limitations begins to run, nothing subsequent will stop it."

Our conclusion is that the circuit court did not err in denying plaintiff's motion to strike out the averments of the answer showing that the certificate sued on was not issued on account of any indebtedness incurred at its date, but in fact for the balance then due on account of the deposit made by plaintiff February 11, 1890. These facts were properly set out in the answer in support of the defendant's plea of the statute of limitations.

2. The circuit court did not err in granting defendant's motion to strike out that part of plaintiff's reply to which we have already referred. The allegation therein that plaintiff had no knowledge of the facts constituting his cause of action until on or about March 25, 1898, was immaterial. The same also may be said of the further averment that plaintiff on May 10, 1894, deposited with the Portland Savings Bank the certificate of March 22, 1893, "and that said bank then and there received," and said plaintiff "then and there so deposited, said certificate as a new deposit, together with the sum of $718.33, and that said deposits were new deposits, * * * and that said bank then and there acknowledged in writing said deposit, and did then and there issue in writing its certificate of deposit therefor, as alleged in plaintiff's complaint." This cannot be construed as a direct and specific reply to any of the new matter contained in the

answer upon which the defense of the statute of limitations is based. It tendered an immaterial issue as to the fact of an understanding or agreement between plaintiff and the Portland-Savings Bank, to the effect that the transaction by which plaintiff surrendered to the bank the certificate of March 22, 1893, and received in exchange therefor the certificate of deposit mentioned in the complaint, was to be deemed a new deposit. But the plaintiff insists that the language just quoted should be construed as an allegation that $718.33 in money was deposited by him with the Portland Savings Bank on May 10, 1894, and that this deposit is included in the amount named in the certificate sued on, and from this it is argued that a new indebtedness in the sum of $718.33 was created by the deposit of that amount upon the day named, and that plaintiff's right to recover the same from defendant is not barred by the statute of limitations, as the cause of action therefor did not accrue until May 10, 1895, the date of the maturity of the certificate referred to. We are not able to agree with plaintiff in his construction of the above averment. It is distinctly alleged in the answer that on May 10, 1894, the balance due on the certificate of March 22, 1893, was $9,718.33, which is the exact amount named in the certificate mentioned in the complaint. The plaintiff did not attempt to deny this allegation in his reply. On the contrary, the same fact clearly appears from the reply itself. The answer further alleged that the certificate sued on was not given for any other indebtedness than the balance due on the original deposit of February 11, 1890, as evidenced by the certificate of March 22, 1893. The averment above quoted cannot be deemed a specific denial of this allegation of the answer, either in whole or in part. The issue tendered by the answer was that the certificate sued on represented only the balance due on the certificate of March 22, 1893, and it is not material that plaintiff, on May 10, 1894, deposited with the bank the sum of $718.33 in money, in addition to the said certificate, unless the amount so deposited is included in the certificate sued on; and in view of the admitted fact that the amount due on the certificate deposited by plaintiff with the Portland Savings Bank, on May 10, 1894, was $9,718.33, and that upon its deposit the bank gave to plaintiff the certificate sued on for that exact sum, we do not think the reply can be construed as distinctly alleging that the latter certificate represents an additional deposit of $718.33, made on the same day. We construe the words "said deposit" in the concluding sentence of the above-quoted averment as referring to plaintiff's deposit of the certificate of March 22, 1893, and to no other deposit. The object of the law, in requiring a reply to new matter contained in the answer, is to narrow the issues, and compel a plaintiff to admit what he cannot conscientiously deny. That portion of plaintiff's reply which was stricken out was evasive, and did not contain a direct and specific denial of the allegations of the answer.

3. The defendant's motion for judgment upon the pleadings was properly granted. Section 94, 1 Hill's Ann. Laws Or., provides:

"Every material allegation of the complaint, not specifically controverted by the answer, and every material allegation of new matter in the answer, not specifically controverted by the reply, shall, for the purpose of the action, be taken as true. * * *"

The facts alleged in the answer of the defendant in support of his plea of the statute of limitations were not specifically controverted by the reply, and, this being so, the defendant was entitled to judgment upon the pleadings, and he would have been so entitled even if no part of the plaintiff's reply had been stricken out.

4. We do not deem it necessary to discuss the other assignments of error in relation to the refusal of the court to strike out that part of the answer setting out an agreement alleged to have been made by plaintiff with the Portland Savings Bank, on April 10, 1894, concerning the payment of the amount which the bank then owed on account of the deposit of February 11, 1890, and the action of the court in striking from the reply allegations in relation to this same agreement, and tending to show fraud and deceit upon the part of the defendants. The judgment does not depend upon the correctness of the rulings of the court in respect to these matters.

The judgment is right, and must be affirmed, because the plaintiff did not in his reply specifically controvert the facts alleged in the answer, showing that his cause of action is barred by the statute of limitations. Judgment affirmed.