CHARLES R. FLINT *vs.* BOSTON WOVEN HOSE AND RUBBER COMPANY & others.

Suffolk.    December 5, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BARKER, JJ.

*Corporation*, Liability of officers and directors.

The president and directors of a corporation cannot be held personally liable for a debt of the corporation under Pub. Sts. c. 106, § 60, on the ground that the debts of the corporation exceed its capital, where it appears that at the time of the commencement of the suit in which judgment was obtained against the corporation, the debts of the corporation had been reduced below the amount of its capital by dividends paid to its creditors by an assignee under a common law assignment for the benefit of creditors.

BILL IN EQUITY, filed as amended October 13, 1902, under Pub. Sts. c. 106, § 60, (R. L. c. 110, § 58,) to enforce an alleged personal liability of the president and directors of the Boston Woven Hose and Rubber Company, on the ground that the debts of that corporation exceeded the amount of its capital stock. The defendants demurred.

In the Superior Court *Braley,* J. sustained the demurrers and dismissed the bill. The plaintiff appealed.

*G. E. Smith & W. L. Williams*, for the plaintiff.

*H. Wheeler*, for the defendant Lockwood.

*B. N. Johnson*, for the defendants Smith and Davis.

LATHROP, J.    We are of opinion that the demurrers in this case were rightly sustained, and the bill dismissed. The plaintiff

seeks to recover under the Pub. Sts. c. 106, § 60, which, so far as material, reads as follows: "The officers of any corporation which is subject to this chapter shall be jointly and severally liable for its debts and contracts in the following cases, and not otherwise." The section goes on in three clauses to provide when the president and directors shall be liable. The third clause, which is the only one necessary to state, is as follows: "When the debts of a corporation exceed its capital, to the extent of such excess existing at the time of the commencement of the suit against the corporation upon the judgment in which the suit in equity to enforce such liability is brought as hereinafter provided."

The bill alleges that the action against the corporation was brought on September 30, 1899, but it does not specifically allege that on that day the debts of the corporation exceeded its capital, but only as before set forth. The previous allegation is that on June 16, 1898, and for a long time before, there was an excess of debts over the capital, and the corporation made a common law assignment, and between June 16, 1898, and September 30, 1899, the assignees paid dividends to the corporation creditors who had assented to the assignment, which payments reduced the debts to an amount less than the capital stock, and the debts were not otherwise paid or reduced.

The plaintiff relies upon a remark made by Chief Justice Shaw in *Merchants' Bank* v. *Stevenson*, 10 Gray, 232, 235, which is as follows: "The reduction of the debts within the capital stock by dividends and payments by the assignees [in insolvency] was not such a reduction, within the meaning of the statute, as to exempt the defendants from liability." The remark was not necessary to the decision, which sustained the defendants' demurrers on another ground, and the proposition appears in the head note prefixed by the words "It seems that."

The statute then under consideration was the Rev. Sts. c. 38, § 25, which provided: "The whole amount of the debts, which any such company shall at any time owe, shall not exceed the amount of its capital stock actually paid in; and in case of any excess, the directors, under whose administration it shall happen, shall be jointly and severally liable to the extent of such excess, for all the debts of the company then existing, and for

all that shall be contracted, so long as they shall respectively continue in office, and until the debts shall be reduced to the said amount of the capital stock."

We do not deem it necessary in this case to determine whether the remark of Chief Justice Shaw above cited was an obiter remark or a decision. The statute which he was then considering differs essentially from the one before us. Instead of the complicated provisions of the Revised Statutes, the statute before us fixes a single date, namely, when the suit is brought on which judgment is recovered. If the debts on that day exceed the capital stock, there is liability; otherwise, not. As was said by Mr. Justice Morton in *Thacher* v. *King*, 156 Mass. 490, " The Legislature saw fit to use plain words, which we must take plainly as we find them." The provisions of the Public Statutes do not prohibit a corporation from incurring an indebtedness in excess of its capital, but merely provide that if such an excess exists when a suit is brought, the president and directors shall be liable.

*Decree affirmed.*