### FLETCHER v. JONES.

(District Court, D. Maine, S. D.    December 1, 1923.)

#### No. 864.

Corporations ⚖️340(4)—Directors not liable under statute for debts of corporation until their maturity.

> Under G. L. Mass. c. 156, §§ 36, 38, making directors of corporations liable for debts contracted by the corporation during their incumbency, if materially false representations are made in reports required from the corporation, and authorizing creditors to maintain a suit in equity against the corporation and directors "for the recovery of money due from the corporation," such suit cannot be maintained on an obligation of the corporation which by its terms is not due.

John R. Moulton, of Boston, Mass., and Harry L. Cram, of Portland, Me., for plaintiff.

Frederic J. Laughlin, of Portland, Me., for defendant.

HALE, District Judge. This action in equity is brought to recover from the defendant, as a director of the New England Cold Storage Company, a Massachusetts corporation, the amount of a debt owed to the plaintiff by the corporation. The debt is thus described in the bill, namely:

> "During the year 1922, your orator did acquire for value and is now the owner of five of the said promissory notes, each of which is in the amount of $1,000, and each of which is described, in printed matter contained thereon, as an 8 per cent. gold coupon note, dated April 1, 1922, payable in said Portland on April 1, 1927, with interest thereon, at the above-stated amount, payable at said Portland on the 1st days of April and October in each year, until the date of maturity."

The action is brought under the provisions of section 36 of chapter 156 of the General Laws of Massachusetts of 1921, which provides that the directors of a corporation—

> "shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof if * * * any statement or report required by this chapter is made by them which is false in any material representation," etc.

Section 38 of the same chapter provides that:

> "Any creditor may file a bill in equity * * * against it [i. e., the corporation] and all persons who are liable to the plaintiff as stockholders or officers for the recovery of the money due from the corporation."

The bill alleges that the defendant is one of the directors of the company, and made a certified report required by the Massachusetts law, the same being an annual report showing the condition of the com-

pany; that the report so made by the defendant was false in many material representations; that the defendant knew, or on reasonable examination could have known, that the report was false in such representations; that, therefore, the defendant is liable for all the debts contracted during his term of office, by reason of the duty placed upon him, and upon all other officers in like circumstances, by the statutes which I have quoted; that the plaintiff lacks an adequate remedy at law, and brings his bill of complaint after a written demand for the payment of his claim upon the corporation. The prayer of the bill is that the debt of the New England Cold Storage Company to the plaintiff be established by decree of the court, with interest and costs, and that the defendant be ordered to pay the amount thereof.

The motion seeks the dismissal of the bill on the ground that the plaintiff is attempting to recover a judgment immediately upon notes which, by their terms, are not payable until April 1, 1927; that there is no breach of duty on the part of the corporation until the maturity of the notes; and that no cause of action exists until there is such breach of duty.

The plaintiff urges that by section 36 of the Massachusetts statutes the liability created applies to all "debts and contracts of a corporation," whether matured or not, and whether liquidated or unliquidated; that it is the intention of the statute that a recovery be had upon an unmatured debt; and that, under the statute, the plaintiff is entitled to immediate judgment against the defendant.

The defendant cites Carver v. Braintree Mfg. Co., Fed. Cas. No. 2,485, 2 Story, 432. In that case Judge Story passed upon the meaning of the words "debts contracted," and held that the liability "relates to the time of the origin of the debt, and not its liquidation." He was deciding whether certain legal liabilities and obligations became "debts contracted" within the meaning of the statute in question. There was nothing in his language which tended to a decision that a suit could be brought on an unmatured debt.

The learned counsel for the plaintiff have cited Gray v. Bennett, 3 Metc. (Mass.) 522; Thacher v. King, 156 Mass. 490, 31 N. E. 648; Felker v. Standard Yarn Co., 148 Mass. 226, 19 N. E. 220; Parks Shellac Co. v. Harris, 237 Mass. 312, 129 N. E. 617. All the above cases make the definition of a debt broad enough to include any obligation which may be enforced by law. They do not tend to the conclusion that a suit can be brought on a promissory note before it is due, or on any debt before its maturity. Section 38 of the statutes cited provides that the creditor may file a bill in equity against the corporation and against a person liable for the plaintiff, as directors or officers, for the "recovery of money due from corporations." There is nothing in the statute, however, which empowers a plaintiff to sustain an action upon a note which has not matured. The practical effect of such a law would be to mature all the notes and other obligations of a corporation whenever its directors fail in any particulars laid down under the statutes in question. If the Legislature had intended to bring about so drastic a result, its purpose would have been set forth in clear and unequivocal language. Under the statute, a suit may be

brought; but it must be brought upon a reasonable construction of such statute. In the case at law, I think, the plaintiff's right of action accrues upon the maturity of the notes. Patterson v. Wade, 115 Fed. 770, 773, 53 C. C. A. 1; Patterson v. Thompson (C. C.) 86 Fed. 85.

With this view of the case, I am constrained to hold that the bill in equity must be dismissed. A decree may be presented, dismissing the bill, with costs for the defendant.