JAMES V. FELKER *vs.* STANDARD YARN COMPANY & others.

Essex. November 9, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Corporation — Tax — " Debt " — Officers' Liability.*

A tax is a debt within the meaning of the Pub. Sts. c. 106, § 60, making the officers of a corporation liable for its debts in certain cases.

Under the Pub. Sts. c. 106, § 60, the officers of a corporation, who sign a certificate required by law knowing it to be false, are liable for its debts then existing, as well as for debts incurred thereafter.

BILL IN EQUITY, filed in the Superior Court on November 28, 1887, by the collector of taxes of the city of Newburyport, against the Standard Yarn Company, its president, treasurer, and directors, alleging that the defendant corporation became indebted to the plaintiff for a tax duly assessed upon its real and personal property for the year 1884, for which he duly recovered judgment on November 1, 1886, in an action brought by him in October, 1885 ; that on December 30, 1886, execution was duly issued upon such judgment, which was duly served, and returned in no part satisfied; that the officers of the defendant corporation duly filed, on May 6, 1885, in the office of the Secretary of the Commonwealth, a certificate of the condition of the corporation, as required by the Pub. Sts. c. 106, § 54, signed by them ; that this certificate was false, in that it stated that the defendant corporation was not indebted to any person or persons, whereas it was indebted to the plaintiff for such tax, as its officers knew ; and that, by virtue of the Pub. Sts. c. 106, § 60, such officers became jointly and severally liable for the debts of the corporation, and became bound to pay to the plaintiff the amount of the judgment for such tax.

The prayer of the bill was, that the officers of the defendant corporation might be ordered to pay to the plaintiff the amount due him, with interest thereon, and for further relief.

The defendant demurred to the bill, because " it appears from said bill that said debt for said tax was due, and said tax was assessed, before the filing of said certificate by said Standard

Yarn Company defendant, and said signing of said certificate was done after said tax had been assessed, and said collector was in no way misled by said certificate," and for want of equity.

The Superior Court sustained the demurrer, and dismissed the bill; and the plaintiff appealed to this court.

*F. W. Hale*, for the plaintiff.

*N. N. Jones*, for the defendant.

C. ALLEN, J. 1. The defendants contend that the liability of the company to pay the tax was not a debt, within the meaning of the statute, at the time when the certificate was filed. But we think it must be so considered. An action of contract to recover a tax lies, after one year's neglect to pay the same, in like manner as for an individual debt. Pub. Sts. c. 12, § 20. The sum was certain, the obligation to pay was created by law, and the liability to pay was a debt. See *Gray* v. *Bennett*, 3 Met. 522, 526; *Bowen* v. *Hoxie*, 137 Mass. 527, 531. It is not like a case where there is a mere liability for a wrong done, which liability has not been converted into a judgment. *Child* v. *Boston & Fairhaven Iron Works*, 137 Mass. 516.

2. The ground of defence principally relied on is, that the statute does not make the officers liable for debts incurred before the filing of the false certificate. And no doubt one important reason, perhaps the principal reason, for the statutory provisions is to enable persons who may have occasion to deal with corporations to ascertain their condition, and their title to credit, so that a person whose debt already exists at the time of the filing of the certificate certainly has not by any false statement contained therein been misled into giving credit to the corporation, and may not in any way be injured thereby. But in imposing the penalty of liability for its debts and contracts, the statute is not limited to such debts and contracts as were created in favor of persons who had examined and been misled by the false certificate, as it should be if the idea of the defendant were followed out. It is not even limited to debts and contracts which came into existence after the filing of the certificate. But it is general in its terms, and provides that the officers who knowingly make the false certificate "shall be jointly and severally liable for its debts and contracts." Pub. Sts. c. 106, § 60. The natural construction of this language includes existing debts

and contracts, and we find nothing elsewhere sufficient to show that the Legislature meant otherwise. The earlier statute provided that the officers should be liable for all the debts of the company contracted while they were stockholders or officers thereof. Gen. Sts. c. 60, § 30. The omission of this specification in the St. of 1870, c. 224, § 38, and in the Pub. Sts. c. 106, § 60, does not have the effect to limit the liability to future debts.

The result is, that the demurrer should have been overruled.

*Decree reversed, and demurrer overruled.*