SAMUEL P. TRAIN *vs.* MARSHALL PAPER COMPANY.

Suffolk.   January 8, 9, 1902. — February 27, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Corporation*, Liability of directors.

A judgment against a corporation after it had obtained a discharge in bankruptcy, imposing no liability on the corporation, would not satisfy the requirement of Pub. Sts. c. 106, § 62, that a judgment must be recovered against a corporation as a condition precedent to the liability of stockholders or officers.   Therefore such a judgment should not be entered.

CONTRACT on two promissory notes against a corporation, to enforce the liability of directors under Pub. Sts. c. 106, § 60. Writ dated December 6, 1898.

In the Superior Court, the case was heard upon agreed facts by *Braley*, J.   By the agreed facts, it appeared, that on July 11, 1900, the defendant obtained its discharge in bankruptcy in the United States District Court for the District of Massachusetts, under proceedings instituted against it January 26, 1899, under the provisions of the United States bankrupt act of 1898. The debt sued upon in this action was provable under that act against the estate in bankruptcy of the defendant.

The defendant filed a motion for judgment in its favor; and the plaintiff filed the following motion : " Now the plaintiff says that at the institution of this suit the debts of the defendant corporation exceeded the amount of its capital stock, and that it then had directors who are now solvent; and it is the purpose of the plaintiff to bring suit against these directors for the purpose of realizing upon their liability to the creditors of the defendant, and for this purpose only the plaintiff desires the entry of judgment in the present action and the issue of an execution thereon : wherefore the plaintiff moves that judgment be entered for the plaintiff and that execution be issued thereon commanding the officer serving it that he cause the sum for which said judgment is entered to be paid and satisfied unto the plaintiff at the value thereof in money of only such goods, chattels or lands of the defendant as it may on demand pay to said officer or exhibit to him for the purpose of being taken on said execution in whole or partial satisfaction thereof ; or that this court render to the plaintiff such judgment and execution as will enable the plaintiff to comply with the conditions of Section 62 of Chapter 106 of the Public Statutes of this Commonwealth."

The judge ruled that there was no authority under the law of this Commonwealth to render either a general or a special judgment in this case, and entered an order that the motion of the plaintiff be denied and the motion of the defendant be granted.

At the request of the plaintiff, the judge reported the case for the consideration of this court. If the ruling was right the order was to stand ; otherwise, such order was to be made as this court should determine.

*G. R. Nutter*, for the plaintiff.

*H. R. Bailey*, (*M. F. Dickinson* with him,) for the defendant.

HOLMES, C. J.   This is an action upon two promissory notes made by the defendant, a corporation organized under Pub. Sts. c. 106.   At the date of the writ its debts exceeded its capital. The defendant has obtained a discharge in bankruptcy, and the only question before us is whether the Superior Court should have entered some form of judgment against it, notwithstanding the discharge, for the purpose of enforcing the liability of the directors under Pub. Sts. c. 106, § 60.

Notwithstanding *Loring* v. *Eager*, 3 Cush. 188, and the cases that followed it, we assume, for the purposes of decision, that there is nothing in the bankruptcy law to prevent the entry of a judgment imposing no liability upon the corporation, *In re Marshall Paper Co.* 102 Fed. Rep. 872, 874 ; 95 Fed. Rep. 419, but we are of opinion that such a judgment does not satisfy the requirement of the Massachusetts statute. Pub. Sts. c. 106, § 62. The language of the section is : "No stockholder or officer in such corporation shall be held liable for its dèbts or contracts, unless a judgment is recovered against it, and it neglects for thirty days after demand made on execution to pay the amount due," etc. Evidently the judgment in contemplation is one which will establish a debt and will warrant a legally effective execution. The impossibility of such a judgment because of the insolvency or bankruptcy of the corporation was not contemplated. The reason may have been that, as was pointed out by the judge of the Superior Court, the insolvency or bankruptcy of the corporation would not have prevented such a judgment when the law was passed. *Coburn* v. *Boston Papier Maché Manuf. Co.* 10 Gray, 243. Pub. Sts. c. 157, § 135. Therefore the argument must be that we ought to enlarge the expressed scope of the words by construction, in the belief that the Legislature would have enlarged the expression had the case been presented, or on the presumption that it would have done so because in our opinion that would have been the logical working out of a policy sufficiently expressed.

We shall not go into disputes of nomenclature and consider whether the liability of the directors is to be regarded as penal, and we shall assume for the purposes of the case that a special judgment might be framed by the court without more specific authority, if necessary to carry out the meaning of the act. *Davenport* v. *Tilton*, 10 Met. 320, 330. But the liability is a statutory liability, and we perceive no clear indication of policy that should carry it beyond the conditions precedent in the form in which they are expressed. In case of bonds given to dissolve attachments, if the defendant was discharged in insolvency or bankruptcy, the court constantly refused to enter a special judgment for the purpose of charging the sureties until such a judgment was authorized by statute. *Loring* v. *Eager*, 3 Cush. 188.

*Carpenter* v. *Turrell,* 100 Mass. 450, 452. *Hayes* v. *Nash,* 129 Mass. 62. St. 1875, c. 68. St. 1880, c. 246, § 8. Pub. Sts. c. 171, §§ 23, 24. *Hill* v. *Harding,* 130 U. S. 699, 703. It is true that the analogy is not perfect and that the decisions seem to have been put on the effect of the discharge rather than on the construction of the statutory bonds and the acts under which they were given. Perhaps it is more pertinent to point out that in the cases where special judgments have been framed by the court it has been for the very purpose of an execution issuing under them against property attached, " the cases of suits proceeding to a judgment without the authority to issue execution thereon being very limited in their character, and such as are specially authorized by statute." *Barnard* v. *Cushing,* 4 Met. 230, 234. The same thing must be true where any possible judgment or execution would be an empty form. *Archambeau* v. *Platt,* 173 Mass. 249, 251.

We do not regard the case as one which it would be impossible to decide the other way, but we see no sufficient reason for enlarging the words of the statute beyond their obvious meaning.

*Judgment for the defendant.*