## CHARLES M. WAY v. FRED E. BARNEY.[1]

December 22, 1911.

Nos. 17,360—(80).

**Discharge of bankrupt corporation — stockholders.**
The discharge of a corporation under the Federal bankruptcy act does not discharge or extinguish the constitutional liability of its stockholders for the payment of its debts.

[1] Reported in 133 N. W. 801.

[Note] Self-executing constitutional provision as to liability of stockholders, see note in 16 L.R.A. 285.

#### Liability of stockholders.

Section 3, art. 10, of our state Constitution, imposing a liability upon the stockholders of a corporation for its debts, is not a violation of the equality clause of the Federal Constitution.

#### Enforcement of constitutional liability.

Such provision of the Constitution is self-executing, and exists independent of the legislature, which may regulate the procedure for its enforcement, but it cannot destroy the right to have the liability enforced.

#### Enforcement under general equitable powers.

If for any reason it is impossible to enforce the liability under the statutory procedure, the court will, in the exercise of its general equity powers, give to creditors an adequate remedy in an action in equity to enforce the liability, and may appoint a receiver and authorize him to enforce the liability, as provided by sections 3184–3190, R. L. 1905.

#### Complaint sufficient.

The complaint herein states a cause of action, and shows upon its face that the plaintiff has capacity to sue, and the court jurisdiction to entertain the action.

Action in the district court for Hennepin county by the receiver of the Winslow Furniture & Carpet Company to recover $5,000, defendant's constitutional liability as owner of fifty shares of stock in that corporation. Defendant demurred to the complaint on the grounds it appeared upon the face thereof that: (1) It did not state facts sufficient to constitute a cause of action; (2) the plaintiff had no legal capacity to sue; (3) the court had no jurisdiction of the subject of the action; (4) the plaintiff sought to rely upon section 3, article 10, of the state Constitution, which provision is void because it is a violation of the fourteenth amendment to the Federal Constitution as to equality of laws, and because section 3 is inoperative in that the power is given exclusively by the Federal Constitution to pass uniform laws of bankruptcy, and during all the times in the complaint mentioned there was such uniform law in operation and in control of said corporation, and because the proceedings attempted to be had in the trial court prior to the filing of this action against defendant were had without the court having jurisdiction of either the subject-matter or of the defendant in that action, or of

the legal representative of the corporation. From an order, Holt, J., overruling the demurrer, he appealed. Affirmed.

*Wilson, Mercer, Swan, Ware & Stinchfield,* for appellant.

*James E. Trask* and *John M. Bradford,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of Hennepin overruling the defendant's demurrer to the complaint herein.

It appears from the complaint that the action is one by the receiver to enforce the defendant's constitutional liability as a stockholder of an insolvent Minnesota corporation for its debts, and that the corporation was duly adjudged a bankrupt under the provisions of the Federal bankruptcy law, and its assets duly marshaled, and the net proceeds thereof distributed to its creditors who proved their claims.

1. The first contention of the defendant to be considered is that "there is no stockholders' liability in Minnesota in cases where the corporation goes through bankruptcy." The argument of counsel assumes that the corporation was discharged by the bankruptcy court from its debts, a fact not directly alleged in the complaint; but, waiving this point, we have for consideration this question: Does the discharge of a Minnesota corporation in bankruptcy release its stockholders from the liability for its debts imposed by section 3, art. 10, of our state Constitution?

This provision is self-executing, otherwise the legislature by its nonaction could emasculate it, and it creates an individual liability on the part of a stockholder for corporate debts, to an amount equal the amount of stock held or owned by him. The legislature cannot defeat this obligation, but it may prescribe the procedure for the enforcement of the liability. In the absence of such legislation, equity can and will find a way for its enforcement. Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110, 16 L.R.A. 281, 31 Am. St. 626.

The case of Allen v. Walsh, 25 Minn. 543, was one to enforce a statutory liability, and necessarily the remedy prescribed by the statute for its enforcement was exclusive. The constitutional liability is sui generis, yet it is in many respects analogous to that of

surety or guarantor, and sustains the relation of surety for the debts of the corporation. Willis v. Mabon, supra; Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 444, 69 N. W. 331, 38 L.R.A. 415.

The nature of the stockholders' constitutional liability must be kept in mind in considering the effect upon it of a discharge of the corporation in bankruptcy. It was held in the case of Mohr v. Minnesota Elevator Co. 40 Minn. 343, 41 N. W. 1074, that a release of a debt due from a corporation, and a judgment discharging it pursuant to our state insolvency law (Laws 1881, p. 193, c. 148), discharged its stockholders from personal liability for the debt. This rule, however, was changed by Laws 1889, p. 78, c. 30, § 1, which provided: "That the release of any debtor under this act shall not operate to discharge any other party liable as surety, guarantor or otherwise for the same debt." Willis v. Mabon, supra.

This statute, however, can have no relevancy to a discharge of a corporation under the provisions of the Federal bankruptcy act, for the reasons: The scope of the statute is limited by its terms to releases thereunder, and, further, the legislature could not enact any legislation limiting the effect of a release in bankruptcy. Congress has plenary and exclusive power in this respect under the Federal Constitution (article 1, § 8), conferring upon it power to establish uniform laws on the subject of bankruptcies. If state legislatures could, by statute, limit or enlarge in any manner the effect of a discharge of a debtor from his debts under a uniform Federal bankruptcy act, it could defeat the provisions of the act as to a discharge of the debtor.

The question, then, is whether a discharge in bankruptcy of a corporation releases its stockholders, and it must be determined by the terms of the bankruptcy act of 1898, section 16 of which provides:

"The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." 30 St. 550 (U. S. Comp. St. 1901, p. 3428).

In 1903 (32 St. 797 [U. S. Comp. St. Supp. 1909, p. 1309]) there was added to the act the following:

"The bankruptcy of a corporation shall not release its officers, directors or stockholders, as such, from any liability under the laws of a state or territory of the United States."

The manifest purpose of these provisions is to preserve the creditor's original remedy, notwithstanding the discharge of the corporation, for the collection of the balance of his debt in all cases where some one else, besides the corporation, is also liable in any capacity therefor with the corporation. The discharge of a debtor in bankruptcy does not extinguish the debt, but relieves him from all legal obligation to pay it, leaving unimpaired all remedies for securing payment thereof out of property upon which it is a lien. Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. ed. 1083; Evans v. Staalle, 88 Minn. 253, 92 N. W. 951; Leitch v. Northern Pacific Ry. Co. 95 Minn. 35, 103 N. W. 704.

It is urged in this connection in effect by the defendant that under the decision of this court in Mohr v. Minnesota Elevator Co., supra, the liability of stockholders for the debts of the corporation is extinguished by its release from its debts, and therefore the bankruptcy act could not create a new liability. The bankruptcy act attempts to do nothing of the kind, but simply to preserve intact all the creditors' remedies for the collection of the balance of their claims against those who were liable in any manner with the corporation therefor, precisely as it preserves the right of creditors to have satisfied the balance of their debts by enforcing liens and trusts securing the same. As already stated, Congress had plenary power by the bankruptcy act to withhold entirely, or to grant, subject to such conditions or limitations as it saw fit, a discharge to a corporation, and by the provisions of the act cited the effect of such discharge is expressly limited. The act creates no new rights in favor of creditors as against parties, other than the corporation, who are liable for its debts, but preserves existing ones intact. The nature of the constitutional liability of stockholders for its debts brings it directly within the limitations of the effect of a discharge of the corporation. We accordingly hold that the discharge in bankruptcy of a Minnesota corporation does not release its stockholders from the liability for its debts imposed by section 3, art. 10, of our state Constitution.

2. The defendant further contends that "the constitutional provision in Minnesota for stockholders' liability is a violation of the equality clause of the Federal Constitution."

The legislature of this state, on March 1, 1872, by Laws 1872, p. 59, c. 12, proposed an amendment to section 3, art. 10, of our Constitution, in the precise form and words following: "Each stockholder in any corporation (excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business) shall be liable to the amount of stock held or owned by him." The amendment was ratified by the people on November 5, 1872, and was duly proclaimed as a part of the state Constitution. Thirty-nine years have passed since the amendment was adopted, during which its validity, as against the objection here made, has been accepted and acted upon by the bench and bar of the state, and now the question of its validity is raised for the first time. This is not conclusive of the question, but it is a practical construction which is entitled to serious consideration.

The contention of the defendant, reduced to its lowest terms, is that the exception contained in the parenthesis of the amendment is an improper classification of corporations, and arbitrarily denies to corporations not within the excepted class the equal protection of the laws, contrary to section 1 of the fourteenth amendment to the Federal Constitution.

Corporations are creatures of the statute, but all are not entitled to the same franchises, or to the same rights, or to the same exemptions of their stockholders from liability, for they may be classified as to such matters with reference to the character of the business they are authorized to carry on and its relation to the public. Some of the reasons why the classification in question was a proper one were stated by Mitchell, J., in the case of State v. Minn. Thresher Mnfg. Co. 40 Minn. 213, 222, 41 N. W. 1024, 3 L.R.A. 510, in these words: "That purpose was to encourage manufacturing enterprises, by exempting those investing their capital in that business from personal liability. One other consideration that not improbably induced this exemption in favor of stockholders in purely manufacturing corporations was that ordinarily the added security to

creditors of the personal liability of stockholders is less needed in the case of such corporations, inasmuch as manufacturing is the process of adding value to raw material by labor, and hence, if honestly conducted, is a safer business, and less liable to speculative risks, than trade generally."

We are of the opinion that section 3, art. 10, of our state Constitution, as amended, does not violate the equality clause of the Federal Constitution. American Sugar Refining Co. v. Louisiana, 179 U. S. 89, 21 Sup. Ct. 43, 45 L. ed. 102.

If the defendant's contention were conceded, it would avail him nothing; for if the amendment in question is void, because the provision included in the parenthesis was an arbitrary classification of corporations, the attempted amendment of the original section was a nullity, leaving the original provision intact, and stockholders of all corporations having no banking privileges liable for the debts of the corporation to the extent fixed thereby. Such a result would necessarily follow the assumed premises, for if an abortive attempt to amend any provision of the Constitution is held to repeal or extinguish the original provision, then the Constitution itself might be abolished, leaving nothing in its place, by successive abortive attempts to amend its several provisions.

3. The defendant further urges in support of his demurrer that the complaint shows that the plaintiff's appointment as receiver is a nullity; hence he has no capacity to sue, nor the court jurisdiction to entertain his action.

The facts alleged in the complaint relevant to this question are to the effect following: On October 1, 1908, the Winslow Furniture & Carpet Company, hereafter referred to as the Winslow Company, the corporation here in question, was duly adjudged a bankrupt on the petition of its creditors. A trustee was appointed, who took possession of all of its property, and converted it into cash, which he distributed to the creditors who proved their debt; but when such distribution was made, or whether the corporation was discharged, does not appear from the complaint. In May, 1909, the Buck Stove & Range Company, hereafter referred to as the Buck Company, a creditor of the Winslow Company, commenced an ac-

tion against it in the district court of the county of Ramsey. The summons was duly served, and, on July 21, 1909, judgment was rendered in the action in favor of the Buck Company and against the Winslow Company for $7,194.67. Execution thereon was duly issued, and duly returned unsatisfied. On August 18, 1909, the Buck Company commenced a second action in the same court against the Winslow Company on its own behalf, and on behalf of all the creditors of the Winslow Company, for the sequestration of its stock and such property and effects, if any, as it might acquire subsequent to the commencement of the bankruptcy proceedings, and of the rights of action to collect for the benefit of its creditors the constitutional liability of its stockholders, for the appointment of a receiver therefor, and to enforce its stockholders' liability by means of a ratable assessment, to be adjudged and ordered under and pursuant to chapter 272 of the General Laws of Minnesota for 1899. The summons was duly served, and the court rendered judgment in the second action, adjudging the Winslow Company insolvent, adjudging that such property, if any, acquired by it subsequent to the commencement of the bankruptcy proceedings against it, not taken or administered therein, be sequestered, and that a receiver be appointed to collect and enforce the liability of its stockholders, pursuant to Laws 1899, p. 315, c. 272. The plaintiff was appointed such receiver, and duly qualified as such. Creditors filed their claims in the action to the aggregate amount of $40,000. The court duly made an assessment of the stockholders of the corporation.

It is true, as claimed by defendant, that a general receiver appointed in an action for the sequestration of the assets of an insolvent corporation, as distinguished from a special receiver appointed by virtue of the general equity powers of the court, has no authority, except in cases otherwise provided for by statute, to enforce the individual liability of stockholders of a corporation for its debts. Minneapolis Baseball Co. v. City Bank, 66 Minn. 441, 69 N. W. 331, 38 L.R.A. 415. The case cited refers to the powers of a general receiver in a sequestration action, and has no application to the general equity powers of a court to appoint a special receiver in any case where it becomes necessary so to do in order to afford a party an

efficient remedy for the enforcement of a clear legal or equitable right.

The contention of the defendant in this connection, briefly stated, is to the effect that the appointment of the plaintiff as receiver, with power to enforce the liability of stockholders, was made impossible by the bankruptcy proceedings, for the alleged reason that there could be no judgment and return of execution unsatisfied against the corporation, which is a condition precedent to the institution of sequestration proceedings under R. L. 1905, § 3173, and, further, that no equitable action can be maintained in any case to enforce the constitutional liability of a stockholder without judgment against the corporation and return of execution unsatisfied. In support of the first proposition the case of Train v. Marshall, 180 Mass. 513, 62 N. E. 967, is cited.

The case is not here in point, for the decision was based upon a statute which expressly provided that no stockholder or officer of a corporation should be liable for its debts unless a judgment is recovered against it and it neglects for thirty days after demand made on execution to pay it. It was held, construing the statute imposing the liability, that a judgment in a limited form, but imposing no liability upon the corporation, did not satisfy the provision of the statute.

The case of Williams v. Kemper, 99 Minn. 301, 109 N. W. 242, is relied on in support of the second proposition. That case was an action in the nature of a creditors' bill to reach the property of a debtor held in trust for him, and is not here relevant. If the defendant's contention were correct, we should have a case where the stockholders of a corporation are liable for its debts by virtue of a self-executing provision of the Constitution, the enforcement of which the legislature may regulate, but not defeat, and yet this liability, which exists independent of the legislature and is beyond its power to destroy, cannot be enforced because the remedy provided by the statute is inadequate. This cannot be so in the very nature of things; for, if a man has a clear legal right, he must have a remedy for its enforcement. If the statute does not furnish an adequate remedy, in cases where the right is not a statutory one, equity will

find an efficient remedy. Willis v. Mabon, 48 Minn. 140, 153, 50 N. W. 1110, 16 L.R.A. 281, 31 Am. St. 626.

It would be otherwise where the statute both created the right and provided the remedy; but such is not this case. If there were no other adequate remedy for the enforcement of the constitutional liability, an action in equity would lie to enforce it, and in aid thereof the court, in the exercise of its general equity powers, would be authorized to appoint a receiver, if necessary, to give an efficient remedy. Section 1, c. 272, p. 315, Laws 1899, authorized the court in such a case to direct the receiver to enforce the liability of stockholders as provided in that act. The provisions of the act of 1899 were re-enacted by R. L. 1905, §§ 3184–3190, without substantial change, and the provision for equitable procedure was retained. Report of Revision Commissioners, 26; section 3184, R. L. 1905. It is true that the specific language of section 1, c. 272, p. 315, Laws 1899, "or under the general equity powers and practice of such court," is not brought forward in the revision; but the language of section 3184 is in general terms, and provides that "whenever it shall be made to appear by the petition of a receiver or assignee of a corporation"—that is, any receiver—the court shall proceed as provided in this and the subsequent sections cited for the enforcement of the stockholders' liability for the debts of the corporation. It follows that, if it were true that no judgment of any kind could be recovered against a corporation by reason of bankruptcy proceedings against it resulting in its discharge, yet the constitutional liability of its stockholders may be enforced by an action in equity in which a receiver may be appointed and authorized to enforce the liability as provided by R. L. 1905, §§ 3184–3190. The allegations of the complaint are sufficient to constitute such an action in equity, for they show, if true, the absolute and existing liability of the defendant, the insolvency of the corporation, and the impossibility of securing payment of the creditor's claims from the corporation; hence they have no remedy at law.

Again, the complaint shows that a judgment was in fact obtained against the corporation and execution returned unsatisfied, and it does not show that the judgment has been set aside or its enforce-

ment enjoined.   The judgment on its face is valid.   Whether creditors might, in case of the bankruptcy of the corporation and a defense by it that it had been discharged in bankruptcy, recover judgment in a modified form, as a basis for instituting proceedings under section 3173 (see Marshall Paper Co. v. Train, 102 Fed. 872, 43 C. C. A. 38), we do not decide, for the creditor in this case secured an absolute judgment.   The complaint states a cause of action, and shows upon its face that the plaintiff has capacity to sue, and the court jurisdiction to entertain the action.

Order affirmed.