E. S. PARKS SHELLAC COMPANY *vs.* FREDERICK HARRIS & another.

Bristol. October 25, 1920. — January 15, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, & JENNEY, JJ.

*Corporation,* Liability of officer for corporate debts. *Equity Jurisdiction,* To enforce liability of officer of corporation for corporate debts. *Equity Pleading and Practice,* Parties. *Limitations, Statute of. Words,* "Penalty."

Upon a Massachusetts corporation being adjudicated a bankrupt, a cause of action arose under St. 1903, c. 437, §§ 34, 36, as amended by St. 1911, c. 488, §§ 1, 2, on behalf of a creditor of the corporation against an officer of the corporation who had signed and caused to be filed with the Secretary of State a statement of condition required by the provisions of St. 1903, c. 437, which contained false statements, of whose falsity the officer knew or should have known; and that cause of action was not destroyed by a discharge of the corporation in bankruptcy granted before the creditor began his suit.

In a suit of the character above described, the corporation, by reason of the require-ment of the statute, is properly a defendant notwithstanding its discharge in bankruptcy.

The statutory remedy, given to creditors of a corporation against its officers in the circumstances and under the statutes above described, is neither a penalty nor a forfeiture, and therefore was not barred by R. L. c. 202, § 5, if suit to enforce it was not brought within one year after the filing of the false return.

BILL IN EQUITY, under St. 1903, c. 437, §§ 34, 36, as amended by St. 1911, c. 488, §§ 1, 2, begun by writ of summons and attachment in the Superior Court on June 3, 1919, and afterwards on motion of the defendant Harris removed to the Supreme Judicial Court, to require the defendant Frederick Harris to pay a balance due on a debt of the defendant Dickinson Manufacturing Company to the plaintiff by reason of the fact that he, while the president and a director of that corporation, in 1917 signed a false certificate of condition of the corporation which was filed with the Secretary of the Commonwealth on April 9, 1917.

Pleas filed by the defendants and a demurrer filed by the defendant Harris are described in the opinion. The pleas and the demurrer were heard by *Carroll,* J., who found certain facts relating to the pleas which are described in the opinion, overruled both the pleas and the demurrer and reported the case to the full court for determination, "it being agreed that if either of the pleas or demurrer is sustained, the plaintiff shall have a right to amend if it so desires, if the matter is capable of amendment; and if the decision is against the defendants or either of them, the defendants or either of them shall have a right to answer over."

St. 1903, c. 437, §§ 34, 36, as amended by St. 1911, c. 488, §§ 1, 2, are as follows:

"Section 1. The president, treasurer and directors of every corporation shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof if any stock is issued in violation of the provisions of section fourteen, or if any statement or report which is required by the provisions of this act is made by them which is false in any material representation and which they know, or on reasonable examination could have known, to be false; but only the officers who sign such statement or report shall be so liable.

"Section 2. A stockholder or officer in a corporation shall not be held liable for its debts or contracts unless it has been duly adjudicated bankrupt, or unless before a suit to enforce the liability described in sections thirty-four and thirty-five against the president, treasurer or directors of such corporation, is brought by a creditor of said corporation, a demand in writing by or on behalf of the creditor upon such corporation for the payment of his claim has been made, and said corporation has for ten days thereafter neglected to pay it, or to exhibit to the officer real or personal property belonging to it and subject to be taken on execution, sufficient to satisfy the same.

"After such adjudication of bankruptcy, or after the said demand and neglect to pay the claim or to exhibit property which may be taken on execution sufficient to satisfy the same, the clerk, or other officer who has charge of the records of such corporation, upon request of a creditor of the corporation or of his attorney, shall furnish to him a certified list of the names of all persons who were officers and stockholders in such corporation at the time when

the liability to be enforced against them personally accrued. The Supreme Judicial Court or the Superior Court shall have jurisdiction in equity to compel such list to be furnished. After an adjudication of bankruptcy or after the said demand and neglect to pay the claim or to exhibit property which may be taken on execution sufficient to satisfy the same, any creditor may file a bill in equity in the Supreme Judicial Court or the Superior Court in behalf of himself and of all other creditors of the corporation, against it and all persons who are liable to the plaintiff as stockholders or officers for the recovery of the money due from the corporation to himself and to the other creditors for which the stockholders or officers may be personally liable by reason of any act or omission on the part of the corporation or any of the other defendants, setting forth the bankruptcy of the corporation, and the grounds upon which it is expected to charge the stockholders or officers personally."

*P. D. Turner,* for the defendant Dickinson Manufacturing Company.

*Lee M. Friedman,* for the defendant Harris.

*C. R. Cummings,* (*J. W. Nugent* & *J. B. Cummings* with him,) for the plaintiff.

JENNEY, J. By St. 1903, c. 437, § 34, as amended by St. 1911, c. 488, § 1, the president, treasurer and directors of every Massachusetts corporation coming within the purview of the general corporation act of 1903, are made jointly and severally liable for its debts and contracts contracted or entered into while they are officers, if any statement or report, required by the provisions of the chapter first referred to, is made and signed by them which is false in any material representation, and which they know, or on reasonable examination could have known, to be false. The liability extends to obligations existing at the time the false statement or report is made, and to those thereafter arising while they hold office. *Felker* v. *Standard Yarn Co.* 148 Mass. 226.

The liability under statutes in force prior to 1911 did not exist, except as hereinafter stated, until a judgment founded on the debt or contract had been recovered against the corporation. R. L. c. 110, § 60. St. 1903, c. 437, § 36. *Train* v. *Marshall Paper Co.* 180 Mass. 513. *Old Colony Boot & Shoe Co.* v. *Parker-Sampson-Adams Co.* 183 Mass. 557. In the case of *Train* v. *Marshall*

*Paper Co. supra,* it was held that, where the corporation had obtained a discharge in bankruptcy, no general or special judgment could be entered upon which proceedings to enforce the statutory liability might be based. The necessity of recovering a judgment before the institution of a suit to enforce the stated statutory liability ceased when St. 1911, c. 488, took effect. This statute provided that an officer of a corporation should "not be held liable . . . unless before a suit to enforce the liability . . . is brought by a creditor . . . a demand in writing by or on behalf of the creditor" has been made upon the corporation for payment of the claim, and it has for ten days thereafter neglected to pay it, or unless it has been duly adjudicated bankrupt.

In this proceeding in equity, instituted on June 3, 1919, to enforce the liability of Frederick Harris, a director and the president of the Dickinson Manufacturing Company, that corporation has pleaded that the debt and claim of the plaintiff against it was on February 11, 1919, discharged by virtue of the confirmation of a composition offer in bankruptcy. The defendant Harris has. filed a more detailed plea of like import, and without waiving his plea, also has been permitted to demur, on the ground that the plaintiff's cause of action is barred by R. L. c. 202, § 5, limiting the commencement of actions for "penalties or forfeitures under penal statutes, if brought by a person to whom penalty or forfeiture is given in whole or in part," to "one year next after the offence is committed."

The facts, as found at the hearing upon the pleas, are in small compass. On April 30, 1918, the defendant corporation owed the plaintiff $10,330.30 for merchandise sold between November 27, 1915, and April 7, 1918. On October 3, 1918, the corporation was adjudicated a bankrupt upon an involuntary petition filed on August 1 of that year. In said proceedings, the offer of composition made by said corporation under terms of the United States bankruptcy act was duly confirmed on February 11, 1919. The plaintiff's claim was proved in bankruptcy, and it received from the clerk of the United States District Court for the District of Massachusetts $4,132.12 "in accordance with the offer of composition upon its confirmation."

The two questions presented for decision are (1) the effect of the discharge in bankruptcy of the defendant corporation upon

the liability of the defendant Harris, and upon the joinder of the defendant corporation; and (2) that of the statute of limitations relating to penal actions.

It is unnecessary to consider the allegations of the bill critically. It is succinctly stated that there is an unpaid indebtedness of the defendant corporation arising during Harris's term of office; that the defendant corporation was adjudicated a bankrupt upon the date before given; that on or about February 21, 1916, and on or about April 7, 1917, Harris, the president and director of the defendant corporation, signed certificates of its condition as required by St. 1903, c. 437, § 45, which certificates were filed with the Secretary of the Commonwealth on February 24, 1916, and on April 9, 1917. It is also alleged that said certificates were "false in certain material representations, which the defendant Harris on reasonable examination could have known, and did know, to be false." These statements related to the assets and liabilities of the corporation.

The defendant Harris, hereinafter called the defendant except when the context otherwise requires, contends that, inasmuch as the debt of the Dickinson Manufacturing Company was discharged by confirmation of the offer in composition, the plaintiff was not a creditor of that company when suit was commenced and therefore cannot maintain its bill. Such a contention, if successful, might result in the destruction of liability in cases where it is most needed. A cause of action does not come into existence until the corporation either has been adjudicated a bankrupt, or unless it has failed to pay the claim after demand and within the time fixed in the statute. Relief is only of substantial importance when the corporation fails to perform its obligations and is financially unable to respond thereto. Under the construction claimed by the defendant, if financial irresponsibility is followed by bankruptcy in which there has been a discharge under the United States bankruptcy law, all right of action is barred against the officer who would otherwise have been liable under Massachusetts statutes hitherto referred to. It also follows that, although under our own statute the adjudication in bankruptcy of the corporation is sufficient to permit the institution of proceedings to enforce the statutory liability of one of its officers, that proceeding must be instituted before the

corporation has received a discharge in bankruptcy. The statute expresses no such limitation and none can be posited on *Train* v. *Marshall Paper Co. supra*, (decided in 1902) which was based on the then existing requirement of the recovery of a judgment and the neglect after demand made on execution to pay the amount due thereon. The discharge in bankruptcy was only of importance in that case, because it prevented the entry of a judgment. *Barry* v. *New York Holding & Construction Co.* 229 Mass. 308. The very next year after the decision in *Train* v. *Marshall Paper Co.*, the recovery of a judgment became unnecessary where the corporation had been duly adjudged bankrupt; St. 1903, c. 437, § 36; and it was also provided by an amendment to the bankruptcy law that "The bankruptcy of a corporation shall not release its officers, directors, or stockholders, as such, from any liability under the laws of a State or Territory or of the United States." U. S. St. 1903, c. 487, § 3 (32 U. S. Sts. at Large, 797). The bankruptcy act also states: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." U. S. St. 1898, c. 541, § 16 (30 U. S. Sts. at Large, 550). Upon the adjudication in bankruptcy of the Dickinson Manufacturing Company, the plaintiff's cause of action against the defendant came into existence, under the plain words of the statute, and it was not destroyed by the discharge in bankruptcy of that company. None of the elements necessary to establish liability is dependent upon or controlled by the operation of a discharge, and nothing based upon any fact, whose existence is either created or destroyed by the discharge, remains to be done. *Way* v. *Barney*, 116 Minn. 285. "A debt is not extinguished by a discharge in bankruptcy. The remedy upon the debt, and the legal, but not the moral, obligation to pay, is at an end. The obligation itself is not cancelled." *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, 530. *Champion* v. *Buckingham*, 165 Mass. 76. The secondary obligation of the officers is expressly preserved by the bankruptcy act as amended; and it is unnecessary to decide whether those so liable are co-debtors with or guarantors or in any manner sureties for the bankrupt. See *Great Western Machinery Co.* v. *Smith*, 87 Kans. 331, 332.

The Dickinson Manufacturing Company was properly made a defendant, notwithstanding its discharge in bankruptcy. The statute requires that it be so joined and that is the only, but sufficient, necessity therefor. *Barre National Bank* v. *Hingham Manuf. Co.* 127 Mass. 563, 567. *Westinghouse Electric & Manuf. Co.* v. *Reed*, 194 Mass. 590, 594.

The demurrer of the defendant rests wholly on the proposition that the liability is for the recovery of a penalty, and hence an action must be brought within one year next after the commission of the wrongful act. The word "penalty" in this connection includes monetary liability cast by way of punishment, because of failure to comply with a legal duty which exists irrespective of causal conditions between the duty and any damage resultant from such failure.

Where liability is created by statute in favor of the Commonwealth a wife or a relative of some person connected with the transaction, or an informer, the cause of action clearly is for the recovery of a penalty, and the special statute of limitations applies. *Barnicoat* v. *Folling*, 3 Gray, 134. *Read* v. *Stewart*, 129 Mass. 407. *Cole* v. *Groves*, 134 Mass. 471. *Cole* v. *Applebury*, 136 Mass. 525. *O'Connell* v. *O'Leary*, 145 Mass. 311.

It is not necessary that the wrongful act be also a crime. *Wilson* v. *McLaughlin*, 107 Mass. 587. Penal actions ordinarily abate on the death of the person whose wrongdoing has created the cause of action. *Little* v. *Conant*, 2 Pick. 527. *Yarter* v. *Flagg*, 143 Mass. 280. One of the tests used in determining whether a statutory remedy is penal, is whether it can be enforced beyond the limits of the State creating it. A purely penal statute is not recognized in other than the jurisdiction in which it has been enacted. *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176. *Huntington* v. *Attrill*, 146 U. S. 657.

Statutes creating liability neither founded upon assent nor based upon or measured by damages actually received from a wrongful act are in a sense penal, and frequently have so been referred to. Such allusions are ordinarily descriptive and not constructional. Of this character are statements found in our own cases. "The statute is penal in its character and is to be strictly construed." *Stebbins* v. *Edmands*, 12 Gray, 203, 205.

See also *International Paper Co.* v. *Gazette Co.* 182 Mass. 578, 581; *Savage* v. *Shaw,* 195 Mass. 571, 574.

It has not directly been decided in this Commonwealth whether the liability here considered is penal and therefore barred by the provisions of the statute, unless an action is commenced within one year. It was said in *Train* v. *Marshall Paper Co. supra,* at page 515: "We shall not go into disputes of nomenclature and consider whether the liability of the directors is to be regarded as penal." The question arose under a somewhat similar statute (St. 1905, c. 228) in *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 162, and this court said: "Even if the suit was for the recovery of a penalty or forfeiture, which we, do not intimate, it was brought seasonably."

Clearly the statute does not create a forfeiture as distinguished from and not included in the term "penalty." So considered, a forfeiture relates to the appropriation without compensation of specific property as a penalty created by statute for some wrongful act or omission.

In our opinion, the statutory remedy given to creditors, and now under consideration, is not penal, under R. L. c. 202, § 5; and proceedings can be commenced at any time within six years after the cause of action accrues. R. L. c. 202, § 2.

The liability is not based on a public wrong, but protects private rights; it is a private remedy for a wrongful act arising from a breach of duty owed to corporate creditors and is created for their benefit only. The Commonwealth is not a party to the proceedings. Being secondary, the liability secures payment of obligations which the corporation has failed to meet. It is compensatory and remedial, because it gives the plaintiff payment of an existing obligation and nothing by way of enlargement of its rights against the corporation; hence it does not merely punish the party made liable. It is something which the creditor had a right to consider and to rely upon when the debt was created. It constituted an implied term of every contract between the corporation and its creditors. By the express terms of the statute, it did not abate upon the death of a defendant. St. 1903, c. 437, § 37. *Hudson* v. *J. B. Parker Machine Co.* 173 Mass. 242.

This result is consistent with, if not required by, the reasoning of our own decisions. In *Reed* v. *Northfield,* 13 Pick. 94, which

was an action to recover double damages for a defective highway, it was decided that it was not necessary to allege in the declaration that the injurious act or omission was against the form of the statute. Shaw, C. J., said at page 100: "In the present case, we think the action is purely remedial, and has none of the characteristics of a penal prosecution. All damages for neglect or breach of duty, operate to a certain extent as punishment; but the distinction is, that it is prosecuted for the purpose of punishment, and to deter others from offending in like manner. Here the plaintiff sets out the liability of the town to repair, and an injury to himself from a failure to perform that duty. The law gives him enhanced damages; but still they are recoverable to his own use, and in form and substance the suit calls for indemnity." This language is of some significance, although the action was for an omission to perform a duty, directly causing the injury complained of. By way of illustration the court said in *Read* v. *Chelmsford*, 16 Pick. 128, 132: "For as Ashurst, J. says, in the case of *Woodgate* v. *Knatchbull*, 2 T. R. [148,] 154, it has been held in many instances, that where a statute gives accumulative damages to the party grieved, it is not a penal action. So it has been held, that an action given by a statute to the party grieved is not within the statute limiting the time for the bringing of actions on penal statutes." Again in *Goodridge* v. *Rogers*, 22 Pick. 495, 497, a statutory action between tenants to recover triple damages for waste, it was held that the statute of limitations as to penal actions did not apply. The court said that such statutes as were intended "to provide a mode of redress for injuries inflicted upon, or suffered by individuals, . . . are properly considered as remedial." See *Sackett* v. *Sackett*, 8 Pick. 309, 319; *Adams* v. *Palmer*, 6 Gray, 338. It was sought in *Baker* v. *Atlas Bank*, 9 Met. 182, to enforce in favor of creditors a then existing statutory liability of the directors of a State bank to pay any loss or deficiency in its capital stock arising from their official mismanagement. Although the statute of limitations as to penal actions was then in force, it was held that the six years statute of limitations applied, but that relating to penal actions was not considered. Referring to this case, it was said in *Commonwealth* v. *Cochituate Bank*, 3 Allen, 42, 47: "But this court held that if the claim set up in the bill ever existed against the stockholders,

it was barred by the statute of limitations, six years having elapsed from the time of the alleged loss for which it was sought to charge the stockholders." The stockholder's liability for corporate debts, under statutes formerly existing was held not to be "direct, positive and absolute, as for a debt due from the stockholder," and it was held that the debt could not properly be proved against the estate in bankruptcy of a stockholder; but it does not follow that the liability was penal. *Bangs* v. *Lincoln,* 10 Gray, 600. *Cary* v. *Holmes,* 2 Allen, 498. Compare *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 4 Allen, 239, *Stone* v. *Fenno,* 6 Allen, 579, as to the distinction between the liability of officers and stockholders. It was stated in *Norfolk* v. *American Steam Gas Co.* 103 Mass. 160, 162, concerning St. 1862, c. 218, § 3, which imposed liability on corporate officers for debts of the corporation because of neglect to file the annual certificate required by law: "The provisions of the statute under consideration are not to be construed with that technical strictness which prevails in the exposition of penal statutes, but should receive such reasonable construction as will best carry out the intentions of the Legislature and the spirit of the enactments." To the same effect is *Nickerson* v. *Wheeler,* 118 Mass. 295, where it is further stated that the statute last cited is "remedial in . . . character." Compare *O'Connell* v. *O'Leary,* 145 Mass. 311, 312, where Holmes, J., said: "A penal statute imposing a forfeiture may be remedial in a certain sense." *Higgins* v. *Central New England & Western Railroad, supra,* is a case where it was sought to enforce the liability of a railroad corporation, under a statute of Connecticut creating a cause of action for death. It was declared (page 180) "If the foreign law is a penal statute . . . we are at liberty to decline jurisdiction," and it was held that the statute was not penal, at least in the sense that it could not here be enforced. *Hancock National Bank* v. *Ellis,* 172 Mass. 39, applied the same principle to the liability of stockholders for debts of a Kansas corporation under a statute of that State which did not require the joinder of all the stockholders, and quoted from *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341, 344, where such liability is stated as *quasi ex contractu. Howarth* v. *Lombard,* 175 Mass. 570, followed. It also involved the liability of shareholders, under foreign law, and included a state-

ment as to the extraterritorial enforcement of statutes very similar to those already quoted: "Although the liability is founded on a statute, there is a contractual element entering into it." The quoted words and the reason of these cases are inconsistent with any result other than here declared.

The short statute of limitations, claimed by the defendant to control, requires the action to be brought within one year next after "the offence is committed." Even if, strictly speaking, the making of a false return, upon which no criminal liability can be based, is an offence, the statute refers to proceedings which can be brought within one year; yet the liability of an officer of a corporation for a false return does not arise when the return is made, but only when other facts come into existence, *Coyle* v. *Taunton Safe Deposit & Trust Co. supra;* and it applies to liabilities thereafter arising which may not come into existence until more than a year has elapsed. *Felker* v. *Standard Yarn Co.* 148 Mass. 226. These considerations confirm the view that a statute limiting a right of action to one year after a wrongful act does not apply to a liability which did not arise on the doing of the act, but only upon an adjudication in bankruptcy or upon a statutory demand for payment and which formerly did not exist until after the entry of a judgment and a demand upon an execution issued thereon.

Our conclusion is supported by decisions in other jurisdictions. It was early said with reference to a statutory action by one who had lost money by gaming, "The statute (with respect to the party losing) is remedial, not penal." *Bones* v. *Booth*, 2 Wm. Bl. 1226. This distinction was recognized by other early cases, some of which are cited in *Huntington* v. *Attrill, supra.* That case, although strictly limited to a decision of whether a statute was penal in the international sense, supports the conclusion reached by us. It was so considered in *Chattanooga Foundry & Pipe Works* v. *Atlanta*, 203 U. S. 390, and in *Meeker* v. *Lehigh Valley Railroad*, 236 U. S. 412. See *Huntington* v. *Attrill*, [1893] A. C. 150. It is in accord with *Farr* v. *Brigg's Estate*, 72 Vt. 225, *Ordway* v. *Central National Bank of Baltimore*, 47 Md. 217, 241, *Metzger* v. *Joseph*, 111 Miss. 385, *Neal* v. *Moultrie*, 12 Ga. 104. There is strong authority to the contrary, of which we are not unmindful, but we decline to follow it.

The cause of action in any event did not arise until the adjudication in bankruptcy. *Coyle* v. *Taunton Safe Deposit & Trust Co. supra.*

It follows that the pleas and demurrer were overruled rightly, and in accordance with the terms of the report the defendants must answer.

*So ordered.*